**Jerry HILLIARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–82–279–CR(T).**

Court of Appeals of Texas, Austin.

May 25, 1983.

Discretionary Review Refused Sept. 14, 1983.

William W. Rittenhouse, Rittenhouse & Schiesser, Austin, for appellant.

Ronald Earle, Dist. Atty., Ralph Graham, Asst. Dist. Atty., Austin, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and BRADY, JJ.

BRADY, Justice.

This is an appeal from a judgment of conviction for the offense of indecency with a child. After a jury trial resulting in a verdict of guilty, appellant was sentenced to a term of twenty years on his plea of "True" to an enhancement count. Appellant argues three grounds of error: (1) that the trial court erred in refusing to dismiss the cause for failure to afford a appellant a speedy trial; (2) that the trial court erred in failing to grant appellant's motion to quash the indictment; and (3) that the trial court erred in its refusal to grant appellant's motion for an instructed verdict. We overrule all three grounds, and affirm the judgment of the trial court.

The victim was a twelve-year-old boy, who in March of 1979, was walking to the store, and on the way passed appellant's house. Appellant called to him, induced the boy inside his house, took him to a back bedroom, locked the door, forced the boy to remove his clothes and then engaged in sexual contact with him. About fifteen minutes later, appellant allowed the boy to put his clothes back on and leave. Before he left, he gave him five dollars and told him not to tell anyone about what happened. At first, the boy did not tell the complete story to his parents, but he did so later after a subsequent encounter with appellant.

The police were notified, and appellant was arrested and charged with the offense of indecency with a child on April 15, 1979. Thereafter, appellant requested a pre-trial hearing on May 14, 1979, which was scheduled to be held on June 13, 1979, but which was waived on the day of the hearing. On August 14, 1979, both the State and appellant announced ready for trial, but because of the conditions of the trial court's docket, the trial was not begun until October 9, 1979.

I.

The question, therefore, is whether there has been compliance in the Speedy Trial Act. Texas Code Cr.P.Ann. art. 32A.02 (1979) provides:

> Sec. 1. A court shall grant a motion to set aside an indictment, information or complaint, if the state is not ready for trial within:
>
> > (1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;
>
> \* \* \* \* \* \*
>
> Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:
>
> > (1) a reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, *hearing on pretrial motions,* appeals, and trials of other charges. (emphasis supplied)

Thus, in computing the time, we must exclude the period of delay caused by appellant's requested pre-trial hearing. Counting from the day after his arrest, April 6, and excluding the 30-day period from the appellant's request for a pre-trial hearing until it was waived, the State announced ready within the 120-day period required by the State.

A timely announcement of "ready" is a prima facie showing that the State is ready for trial as the statute requires. When this is done, the burden shifts to the defense to show otherwise. *Lee v. State,* 641 S.W.2d 533 (Tex.Cr.App. 1982); *Scott v. State,* 634 S.W.2d 853, 855 (Tex.Cr.App.1982); *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). Appellant argues that the "prosecutor, by words, announced ready, but by action in fact delayed the case," charging prosecutorial delay.[1] However, the record clearly shows that delay was caused by the trial court's docket, and by appellant's requesting a pretrial hearing, obtaining a hearing on same and then waiving the hearing.

Appellant filed a pro se motion to set aside the indictment for want of a speedy trial, and his court-appointed counsel also filed a motion to dismiss on the same ground. At the hearing on the motions, the State's position was that it had made announcements of "ready" for trial within the required time frame, and appellant failed to meet his burden of proving otherwise. We agree. We find no error in the action of the trial court in overruling appellant's motion to dismiss.

II.

We now come to appellant's second ground of error, that of the refusal of the trial court to grant his motion to quash the indictment, on the ground that the indictment failed to allege the "means" of touching or "what was touched," thus failing to give appellant fair notice of what the State intended to prove.

Appellant was charged by indictment under Tex.Pen.Code Ann. § 21.11 (1974) which provides in part:

> (a) A person commits an offense if, with a child younger than 17 years, and not his spouse, whether the child is of the same or opposite sex, he:

---

1. Appellant argues that the State's reindictment of appellant on September 18, 1979 in order to add an enhancement count and the State's election to try before appellant another defendant who was arrested after appellant in an unrelated case because the State wanted to preserve federal funding of a career criminal program were sufficient facts to show that the State was not ready for trial.

(1) engages in sexual contact with the child;

\*   \*   \*   \*   \*   \*

The term "sexual contact" is defined by Tex.Pen.Code Ann. § 21.01, (1974) as follows:

(2) "Sexual contact" means any touching of the anus, or any part of the genitals of another person or the breast of a female 10 years or older with intent to arouse or gratify the sexual desire of any person.

The indictment alleged that appellant "did then and there engage in sexual contact with D_____ M_____ a male younger than 17 years of age, by then and there touching the anus and part of the genitals of the said D_____ M_____ with the intent to arouse and gratify the sexual desire of the said Jerry Hilliard." Appellant argues that since the "touching could have been with a hand, with an object, with a sexual organ, or by another means, the indictment failed to give notice of what he [was] to defend against."

■ When considering a motion to quash, it is insufficient to say the accused knew with what offense he was charged; rather, the question presented is whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense. *McManus v. State,* 591 S.W.2d 505 (Tex.Cr.App.1979); *Haecker v. State,* 571 S.W.2d 920 (Tex.Cr.App.1978). The motion to quash will be granted where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed. *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981); *Haecker v. State, supra.*

■ Subject to rare exceptions, an indictment that tracks the words of the penal statute in question is legally sufficient. *Thomas v. State, supra.* The terms and elements of offenses are defined within the Penal Code; definitions of terms and elements are essentially evidentiary and need not be alleged in the indictment. *Thomas v. State, supra.* For example, the terms "owner" and "effective consent" are purely evidentiary and need only be alleged by the State. *Thomas v. State, supra.* "Habitation" likewise is an essentially evidentiary term—a matter of proof. *See Thomas v. State, supra.*

■ A defendant is entitled to notice of acts or omissions he is alleged to have committed. *Gorman v. State,* 634 S.W.2d 681 (Tex.Cr.App.1982). *See also Ferguson v. State,* 622 S.W.2d 846 (Tex.Cr.App.1981). In this case appellant's motion to quash challenges the sufficiency of the notice afforded by the word "touching" which is found within the definition of "sexual contact." *See* Tex.Pen.Code Ann. § 21.01 (Supp.1982). The method by which appellant "touched" the complainant, is essentially evidentiary.[2] *See Marrs v. State,* 647 S.W.2d 286 (Tex.Cr.App.1983). As the Court stated in *Marrs* when addressing the allegation that the indictment failed to further define "enter," "[i]n ... [any] manner employed, the defendant must use his body directly or indirectly to commit the offense. The indictment in the instant case did not deny appellant precise notice of the nature of the accusation against him."[3] No error is shown in the trial court's refusal to quash the indictment.

### III.

■ Appellant's final ground of error is that the trial court erred by refusing to grant appellant's Motion for a Directed Verdict, on the ground that the indictment

---

2. *See Martinez v. State,* 599 S.W.2d 622, 623 & n. (Tex.Cr.App.1982) (penis-anus contact is within definition of deviate sexual intercourse as well as sexual contact).

3. The question of whether this indictment would sufficiently bar a subsequent prosecution for separate offenses arising out of the same transaction was not presented to the trial court in appellant's motion to quash. Accordingly, it is not before this Court. We do not therefore address the trial court's action in overruling appellant's motion to quash in any other light other than as it relates to the notice supplied to appellant.

charged appellant conjunctively, i.e., "that defendant did engage in sexual contact with the victim ... by then and there touching the anus and part of the genitals" of the boy. The proof offered by the State was the touching of the anus, and appellant argues that failure of the State to prove touching any part of the genitals was fatal. When several ways or methods by which an offense may be committed are set forth in the same statute, and those ways or methods are subject to the same punishment, they may be charged conjunctively in one count. *Sidney v. State,* 560 S.W.2d 679 (Tex.Cr.App.1979); *Garcia v. State,* 537 S.W.2d 930 (Tex.Cr.App.1976); *see also* 30 Tex.Jur.2d, Indictment and Information, § 42, at 610 (1962). In the case at bar, the indictment charging appellant with touching the victim's anus *and* touching part of his genitals is proper conjunctive pleading of an alternative means of commission of the offense of indecency with a child. Proof of one is sufficient for conviction. Appellant's ground of error is overruled.

Finding no error by the trial court, the judgment of conviction is affirmed.

PHILLIPS, C.J., not participating.