William BALFOUR, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–97–00776–CR.

Court of Appeals of Texas, Austin.

April 29, 1999.

Alexander L. Calhoun, Austin, for Appellant.

Ronald Earle, Dist. Atty., Karyn D. Scott, Asst. Dist. Atty., Austin, for State.

Before Chief Justice ABOUSSIE, Justices JONES and B.A. SMITH.

MARILYN ABOUSSIE, Chief Justice.

Appellant appeals his convictions for aggravated sexual assault, indecency with a child by contact, and indecency with a child by exposure. *See* Tex. Penal Code Ann. §§ 22.021, 21.11(a)(1), (a)(2) (West 1994 & Supp.1999). A jury found appellant guilty, and the trial court assessed punishment, enhanced by a prior felony conviction, at thirty-eight years' imprisonment for aggravated sexual assault and indecency with a child by contact, and twenty years' imprisonment for indecency with a child by exposure. *See* Tex. Penal Code Ann. § 12.42 (West 1994 & Supp. 1999). The sentences run concurrently.

On appeal, appellant complains that: (1) the trial court erred by denying his motion for a directed verdict against the charge of indecency with a child by contact; (2) the evidence is legally and factually insufficient to prove he committed the offense of indecency with a child by exposure; (3) the trial court erred by admitting two penitentiary packets; and (4) he suffered ineffective assistance of counsel during the punishment phase of trial. We will affirm the convictions.

## BACKGROUND

On the night of August 24, 1996, several men including appellant were drinking, smoking marihuana, and playing dominos at the home of complainant's father, Edward Nora ("Nora"). The complainant, twelve-year-old V.N., was visiting her father for the weekend. She testified that she was sleeping in the same bed with her stepsister, seven-year-old J.C., when she was awakened around 4:00 a.m. V.N. testified that she felt "somebody feeling on me, and somebody's penis on me." She further testified that she felt a "mouth on my butt" and a "tongue ... right on the outside of my anus." She said she was frightened and crying, and when the touching stopped she got out of bed and went to tell her stepmother, Celia Collins, what had happened. V.N. testified that she saw a black man in the hallway outside her room with his back to her zipping up his pants. He turned his face briefly to her in the hallway, and she saw that he had on a "white muscle shirt and brown shorts" and "had hair on his face." Collins went to Nora with the story, and V.N. told Nora that appellant was the person that had

been "touching on" her. Nora attacked appellant with a baseball bat and appellant left the house. Nora called the police, but the record is not clear as to what transpired when the first officers came.

When V.N.'s mother, Beverly Levise, arrived around 7:00 a.m. to pick up V.N., she was told what had happened and she called the police for a second time. Patrol officer Fred Rodriguez responded to the call at the Nora home, where he spoke to V.N., her mother, father, and stepmother. The family went with V.N. to the hospital, and at the hospital Rodriguez turned the investigation over to Detective Fitzgerald of the Austin Police Department's child abuse unit.

Fitzgerald took statements from Rodriguez, V.N., and the nurse who examined V.N. He received evidence the nurse obtained through her examination of V.N., and went to Nora's home where he collected more evidence. This evidence was turned over to Detective Brian Manley on August 26, 1996. On September 4, 1996, Manley interviewed V.N. and she signed a written statement. Manley took V.N.'s stepsister, J.C., to the Children's Advocacy Center in November where a counselor conducted a videotaped interview. J.C. stated in the interview that she had seen a man named "William" sexually assault her stepsister. She testified at trial that she saw "Williams" in her room the night of the assault.

Detective Manley took a photo lineup to J.C.'s school on December 9, 1996, and J.C. identified appellant as the person who sexually assaulted V.N. Manley testified that J.C. told him that appellant had been at her home before the night of the assault, and she had played with his daughter.

Manley served an arrest warrant on appellant on December 16, 1996. Appellant was taken to Manley's office where he initially denied that anything had happened at the Nora house, and that he didn't know what Manley was talking about. Manley told appellant he had a witness that could identify him, and that he had DNA evidence "to prove it was him," though he did not. Manley testified that he gave appellant no information regarding what V.N. had alleged.

Manley then testified that appellant told him what happened, Manley typed his statement, and appellant signed it. In the statement, appellant stated that at the beginning of summer he had gone to a guy's house he had met in jail, a man he called "Norris." He said that he was "pretty stoned" and had been sitting outside playing dominos. Appellant stated that he saw a girl on the sofa wearing "a t-shirt and panties." Appellant thought that the girl must just be "Norris's" friend because he didn't know he had a daughter other than the seven-year-old. Appellant said that when "Norris left to go to the store," he got in bed with the girl and "felt on her butt with my hand." He stated: "I then kissed her on her thigh with my mouth. I took my penis out of my pants while I was touching and kissing her. I did this because it made me feel good. I was drunk. I have a serious problem. There has to be a problem. I thought she was 17 or 18 years old." Manley testified that appellant was upset and crying while giving his statement. The statement was read to the jury and introduced into evidence.

Appellant was convicted of one count each of aggravated sexual assault, indecency with a child by contact, and indecency with a child by exposure. At the punishment phase of the trial before the court, two penitentiary packets were introduced for enhancement purposes. See Tex. Penal Code Ann. § 12.42 (West 1994 & Supp. 1999). At the prosecutor's request, only the penitentiary packet containing the judgment for a felony conviction of aggravated robbery was used for enhancement. Appellant testified during the punishment phase that he had been convicted of aggravated robbery and acknowledged the cause number and the court of the judgment. Appellant was sentenced to thirty-eight

years' imprisonment for aggravated sexual assault and indecency with a child be contact, and twenty years' imprisonment for indecency with a child by exposure.

## DISCUSSION

In his first point of error, appellant complains that the trial court erred by denying his motion for directed verdict on the charge of indecency with a child by contact. The Texas Penal Code provides that: "A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he: engages in sexual contact with the child." Tex. Penal Code Ann. § 21.11(a)(1) (West 1994 & Supp.1999). The Code defines sexual contact as: "touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." Tex. Penal Code Ann. § 21.01(2) (West 1994 & Supp.1999).

■ Appellant contends that the trial court should have directed a verdict of acquittal because the evidence presented was insufficient to prove he committed all the conduct charged in the indictment. To review a motion for directed verdict, a court is to use the same standard of review it uses in reviewing the sufficiency of the evidence. *See Havard v. State,* 800 S.W.2d 195, 199 (Tex.Crim.App.1989). In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Staley v. State,* 887 S.W.2d 885, 888 (Tex.Crim. App.1994). Any inconsistencies in the evidence should be resolved in favor of the verdict. *See Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). This standard of review is the same for both direct and circumstantial evidence. *See Green v.*

*State,* 840 S.W.2d 394, 401 (Tex.Crim.App. 1992).

Appellant contends that the sufficiency of the evidence in this case should be measured against the indictment rather than the jury charge. The indictment charged appellant with engaging "in sexual contact by touching the anus, breast, and genitals of V.N." The jury charge asked whether appellant knowingly or intentionally caused V.N.'s anus to contact his mouth. Appellant argues that because the record contains no evidence that he touched the breasts or genitals of V.N., there was insufficient evidence to prove all elements of the conduct charged in the indictment.

■ Where there is variance between the indictment and the jury charge, the reviewing court should measure the sufficiency of the evidence by:

the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. This standard can uniformly be applied to all trials, whether to the bench or to the jury....

*Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim.App.1997).

■ An indictment may charge a defendant conjunctively in one count when the statute permits several ways by which an offense may be committed. *See Hilliard v. State,* 652 S.W.2d 602, 606 (Tex. App.—Austin 1983, pet. ref'd untimely filed). Proof of one method of committing the offense is sufficient for conviction. *See id.* V.N. testified that appellant touched her anus with his mouth and tongue. Considering this evidence in the light most favorable to the verdict, we hold that the trial court did not err by refusing to grant

a directed verdict on the count of indecency with a child by contact. Appellant's first point of error is overruled.

In his fourth and fifth points of error, appellant argues that the evidence is legally and factually insufficient to prove he committed the offense of indecency with a child by exposure. We have stated the standard of review for a challenge to the legal sufficiency of the evidence. When conducting a factual sufficiency review, we do not view the evidence in the light most favorable to the verdict. Instead, we consider all evidence equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *See Orona v. State*, 836 S.W.2d 319, 321 (Tex.App.—Austin 1992, no pet.). The court, however, does not substitute its judgment for that of the jury, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Furthermore, the appellate court may not reverse a jury's decision simply because it disagrees with the result. *See Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997).

Texas Penal Code section 21.11(a)(2) states:

> A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he: exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person.

Tex. Penal Code Ann. § 21.11(a)(2) (West 1994 & Supp.1999). Appellant contends that because there is no evidence that anyone actually saw his genitals, there is insufficient evidence of "exposure."

There appear to be no cases on point as to the definitive definition of "exposure" where the charge is indecency with a child. In cases involving misdemeanor indecent exposure, the court of criminal appeals has stated that exposure "need not be limited to the meaning 'exposed to sight.'" *Miller*

*v. State*, 156 Tex.Crim. 389, 243 S.W.2d 175, 176 (1951). *But see Beasley v. State*, 906 S.W.2d 270, 272 (Tex.App.—Beaumont 1995, no pet.) (requiring the genitals to be seen).

■ The term "exposure" is not defined in the statute, and so it must be "measured by common understanding and practices" or "construed in the sense generally understood." *United States v. Petrillo*, 332 U.S. 1, 8, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947); *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim.App.1979). The *Miller* court's broad approach considered a variety of possible common meanings of "exposure" as viable for use in this statute, including: "To deprive of concealment; to disclose or unmask something criminal, shameful, or the like." *Miller*, 243 S.W.2d at 176 (quoting the definition of "exposure" from Webster's New International Dictionary).

■ There was no testimony to indicate that appellant's genitals had been seen by either the V.N. or her stepsister. However, appellant's confession stated: "I took my penis out of my pants while I was touching and kissing her. I did this because it made me feel good." V.N. testified that she felt: "somebody feeling on me, somebody's penis on me and stuff." The additional requirements for the charge of indecency with a child by exposure include that the actor must know the child is present and intend to sexually arouse himself. By his own confession, appellant admits that he knew V.N. was there and that the act of taking out his penis made him "feel good."

Based on this evidence, any rational trier of fact could have found the essential elements of the offense of indecency with a child by exposure beyond a reasonable doubt. The jury's determination that the testimony they heard from V.N. and appellant's confession amounted to "exposure" is not so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. Appellant's fourth and fifth points of error are overruled.

Appellant complains in his second point of error that the trial court erred in admitting the penitentiary packets, State's exhibits 12 and 13, into evidence because they were not properly authenticated. Because the trial court used only exhibit 13, containing appellant's judgment of conviction for aggravated robbery, to enhance appellant's sentence, we will limit our discussion to this penitentiary packet. Appellant's counsel objected to the admission of exhibit 13 because it included extraneous offenses, but did not object to its admission on the grounds that it was improperly authenticated.

To preserve error for appellate review, a timely, specific objection must be made by the complaining party. *See* Tex. R.App. P. 52(a); *Armstrong v. State*, 718 S.W.2d 686, 699 (Tex.Crim.App.1985). A complaint on appeal must comport with the objection made at trial or nothing is presented for review. *See Turner v. State*, 805 S.W.2d 423, 431 (Tex.Crim.App.1991), *cert. denied*, 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991); *Skillern v. State*, 890 S.W.2d 849, 859 (Tex.App.—Austin 1994, pet. ref'd). Error was not preserved regarding the proper authentication of exhibit 13 because appellant made no objection or motion on this ground at trial. Appellant's second point of error is overruled.

Appellant claims by point of error three that should this Court find that appellant waived his complaint regarding the authentication of the penitentiary packet, then appellant received ineffective assistance of counsel during the punishment phase of the trial by counsel's failure to make a proper objection. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 988 S.W.2d 770 (1999) (applying *Strickland* test to punishment phase). Appellant complains specifically that the fingerprint card contained within the penitentiary packet was not properly authenticated and thus the State's fingerprint expert should not have been allowed to use it

to identify appellant as the person previously convicted of aggravated robbery.

The penitentiary packet contained a fingerprint card and mugshots from the Texas Department of Corrections, along with appellant's prior judgment of conviction. The packet was offered into evidence by the State and was certified under seal of the custodian of records of the Texas Department of Corrections. Under article 42.09, section 8(b) of the Texas Code of Criminal Procedure, "[t]he designated officer shall certify under the seal of the department the documents received ..." and "[a] document certified under this subsection is self-authenticated for the purposes of Rules 901 and 902, Texas Rules of Criminal Evidence." Tex.Code Crim. Proc. Ann. art. 42.09, § 8(b) (West Supp. 1999). The judgment contained within the penitentiary packet was a certified copy from the office of the district clerk of the county in which the conviction was obtained. Thus, the penitentiary packet was properly authenticated and an objection to such authentication would have been fruitless. Additionally, appellant admitted at the punishment phase of trial that the judgment for aggravated robbery contained in exhibit 13 was his. *See Hasley v. State*, 786 S.W.2d 733, 735 (Tex.App.—Beaumont 1989, pet. ref'd) (holding that defendant waived objection to penitentiary packet because he admitted prior conviction during testimony). Accordingly, appellant's counsel did not err by failing to object and appellant cannot maintain a claim for ineffective assistance of counsel during the punishment phase on this ground. Appellant's third point of error is overruled.

## CONCLUSION

Having overruled each of appellant's five points of error, we affirm the judgments of conviction.