NUMBER 13-04-00040-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

DAVID ALVAREZ,                                                                             Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 370th District Court of Hidalgo County,
Texas.

 

                      MEMORANDUM OPINION[1]

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, David Alvarez, guilty of two
counts of the offense of indecency with a child.[2]  The trial court assessed appellant=s punishment at (1) two years= imprisonment and a $10,000 fine for Count Two and
(2) ten years= imprisonment and a $10,000 fine for Count Three.[3]  The trial court suspended appellant=s Count Three prison sentence and placed him on
community supervision for a term of ten years. 
In eight issues, appellant contends (1) the trial court erred in
allowing outcry testimony; (2) the trial court erred by admitting hearsay
evidence; (3) both jury charges contained egregious error; (4) the evidence is
factually insufficient to support the convictions; and (5) he received
ineffective assistance of counsel.  We
affirm.

                                                        A.  Outcry
Testimony

In his first issue, appellant complains the trial
court erred by admitting the victim=s statements to Leonila Guerrero as outcry
statements. 

At the hearing on the outcry statement, appellant
argued that the statement was inadmissible because the State did not provide
sufficient notice of its use, and the statement was not reliable based upon
time, content, and circumstances.  The
trial court overruled appellant=s objection to the statement.  At trial, during the State=s direct examination of Guerrero, counsel for
appellant stated, AWe=d renew all our previous objections made in this
matter.@  Once again,
the trial court overruled his objection. 









A party=s objection is waived if his argument on appeal does
not comport with his objection at trial. 
Jones v. State, 111 S.W.3d 600, 604 (Tex. App.BDallas 2003, pet. ref=d).  Appellant now contends the statements were
merely general allegations of abuse, and not a clear description of the offense
as required by article 38.072 of the code of criminal procedure and, therefore,
inadmissible.  See Tex. Code Crim. Proc. Ann. art. 38.072
(Vernon 2005).  However, because
appellant did not make that objection at trial, we conclude he waived this
complaint.  Appellant=s first issue is overruled.  

                                                                  B.  Hearsay

In his second issue, appellant contends the trial
court erred by allowing hearsay testimony. 
This issue, however, is
inadequately briefed.   Appellant has
failed to present us with a clear or concise argument in support of this
contention and has failed to present appropriate references to
authorities.  See Tex. R. App. P. 38.1(h).  Appellant=s second issue is overruled. 

                                                             C.  Jury
Charge

In his third issue, appellant contends that both
jury charges contained egregious error because they allowed for a non-unanimous
jury verdict on the contact allegation (Count Two) and the exposure allegation
(Count Three).








The Texas Constitution requires a unanimous verdict
in felony criminal cases.  Tex. Const. art. V., ' 13; Tex.
Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2005).  Allowing a jury to choose from several
separate acts, each of which is a violation of a specific statute, without
requiring the jury to agree on which act was committed violates the unanimity
requirement.  Ngo v. State, 175
S.W.3d 738, 745-48 (Tex. Crim. App. 2005); Francis v. State, 36 S.W.3d
121, 124-25 (Tex. Crim. App. 2000).   The
general rule is that where an indictment alleges one instance of sexual assault
and the trial evidence shows more than one instance, the State must elect the
offense upon which it relies for conviction.  O=Neal v. State, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988).  An exception to the rule is where several
acts of sexual assault were committed by one continuous act of force and
threats, and are part of the same criminal transaction. Id. (citing Steele
v. State, 523 S.W.2d 685, 687 (Tex. Crim. App. 1975)).  Furthermore, allowing a jury to choose
between alternative theories of how an offense was committed does not run afoul
of the unanimous-verdict requirement.  Martinez
v. State, 129. S.W.3d 101, 103 (Tex. Crim. App. 2004).

In the instant case, appellant was charged with one
count of the offense of indecency with a child by sexual contact and one count
of indecency with a child by exposure.  See
Tex. Pen. Code Ann. ' 21.11(a)(1), (a)(2)(A) (Vernon 2003).  Appellant argues that because evidence of
several instances of each offense was presented to the jury, the jury was
allowed to convict him not because one or more crimes were proven beyond a
reasonable doubt, but because all of them together convinced the jury that he
was guilty.  See Phillips v. State,
130 S.W.3d 343, 349 (Tex. App.BHouston [14th Dist.] 2004, State=s pet. granted, appellant=s pet. ref=d) (identifying one of four reasons for election
rule is to minimize risk of jury choosing to convict based on all allegations
together).

                                                                     1.  Contact








Appellant contends the jury was presented with
evidence of four instances of sexual contact. 
He claims that the victim=s testimony that appellant called her into his
bedroom and body-slammed her on the bed constitutes three separate instances of
sexual contact: (1) when appellant=s penis rubbed against the victim=s leg; (2) when appellant placed the victim on top
of him with her vagina on top of his penis and told her to move around; and (3)
when the victim rolled off of appellant and his penis touched her vagina
again.  However, this is one instance
involving several acts of sexual contact which were committed in one continuous
act of force and threats, and part of the same criminal transaction; thus,
election is not required.  See O=Neal,
746 S.W.2d at 771.  

Appellant asserts that the victim=s testimony that appellant grabbed her from behind
while she was washing dishes and touched her buttocks with his erect penis is the fourth instance of sexual
contact.  However, as evidenced by trial
counsel=s objection to this testimony under Texas
Rule of Evidence 404(b), this instance was not a violation of the indicted
offense, but rather an extraneous offense. 
Appellant=s objection was overruled by the trial
court, and he failed to request an extraneous offense instruction in the jury
charge.  Failure to request a limiting
instruction in the jury charge on an extraneous offense, or to object to its
omission from the jury charge waives the error on appeal.  Williams v. State, 508 S.W.2d 83, 84
(Tex. Crim. App. 1974).  Further, failure
to include a limiting instruction on an extraneous offense is not fundamental
error.  Id.

                                                                   2.  Exposure

Appellant also contends the jury was
presented with evidence of three instances of exposure.  AExposure has been defined as: >To deprive of concealment; to disclose or
unmask something criminal, shameful, or the like.=@  Breckenridge
v. State, 40 S.W.3d 118, 128 (Tex. App.BSan Antonio 2000, pet. ref=d) (quoting Balfour v. State, 993
S.W.2d 765, 769 (Tex. App.BAustin 1999, no pet.)).

Appellant asserts that the victim=s testimony that when she entered appellant=s bedroom she could see the outline of his
penis through his bikini underwear is the first incident of exposure.  However, this incident does not fall under
the definition of exposure.  Therefore,
it is not an offense set out in the indictment.








Appellant contends the second incident of
exposure is found in a prior statement by the victim.  However, evidence of this incident was not
presented by the State in support of its case. 
Appellant used the statement to impeach the victim after she testified
at trial that no part of appellant=s body was exposed when she entered the
bedroom.  According to the victim=s statement, appellant opened his robe and
exposed himself to her when she entered the bedroom.  This was not evidence of an incident
presented to the jury to support a violation of the indicted offense.

Appellant contends the third incident of
exposure is the victim=s testimony that while she sat on the floor
playing with the baby, appellant called her name as he sat on the couch, and
when she turned, she could see his penis and scrotum.  Appellant was indicted for this
incident.  This evidence was presented to
the jury in support of the allegations made in the indictment.

We conclude there was no error in the jury
charge, and the charge did not allow for a non-unanimous jury verdict as to
what offenses appellant committed. 
Appellant=s third issue is overruled. 

                                                     D.  Factual
Sufficiency

In his sixth issue, appellant contends the
evidence is factually insufficient to support the elements of sexual contact
and exposure. 








In a factual sufficiency review, we review
all the evidence in a neutral light and determine whether evidence supporting
the verdict is too weak to support the finding of guilt beyond a reasonable
doubt or if evidence contrary to the verdict is strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met.  Threadgill
v. State, 146 S.W.3d 654, 664 (Tex. Crim. App. 2004).  Our neutral review of all the evidence, both
for and against the challenged elements, looks to determine whether proof of
guilt is so obviously weak as to undermine confidence in the jury=s determination, or whether proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.  See Zuniga v. State, 144 S.W.3d
477, 484‑85 (Tex. Crim. App. 2004). 
A proper factual sufficiency review must consider the most important
evidence that the appellant claims undermines the jury=s verdict. 
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  However, we approach a factual sufficiency
review with appropriate deference to avoid substituting our judgment for that
of the fact finder.  Johnson v. State,
23 S.W.3d 1, 6‑7 (Tex. Crim. App. 2000). 

We measure the factual sufficiency of the
evidence against the elements of the offense as defined by a hypothetically
correct jury charge for the case.  See
Adi v. State, 94 S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002, pet. ref=d).  ASuch a charge would be one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State=s burden of proof or unnecessarily restrict
the State=s theories of liability, and adequately
describes the particular offense for which the defendant was tried.@  See
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).








The victim testified that appellant is
married to her aunt.  She further
testified that during the summer of 1996, when she was eleven years old and her
aunt was in the hospital, she went to her aunt=s and appellant=s home to help care for appellant=s son. 
She testified that on one particular afternoon appellant called her into
his bedroom, and that appellant was wearing a towel-like white robe because he
had just gotten out of the shower.  The
baby began to cry so she went to check on the baby, and appellant called for
her again.  The victim testified that
when she entered the bedroom, appellant was wearing bikini-type underwear, and
he asked her if she wanted to play.  The
victim said appellant then Abody-slammed@ her onto the bed, acted like he had fallen
on top of her, and that his penis was rubbing against her leg.  She said that appellant then rolled over on
the bed with his back on the bed, rolled her over on top of him, and sat her on
top of his penis.  She testified that her
vagina was on top of his erect penis, and he asked her to play and move around
a little bit.  She told him Ano,@ that she was sleepy.  She attempted to get off of appellant, but he
kept her pinned down.  She said she
eventually threw herself off of appellant and onto the floor.  She then went to the door and found it was
locked.  She unlocked the door, went to
the baby=s room, and locked the door.  Appellant knocked on the door to the baby=s room and told her to open the door.  The victim testified appellant told her that
he was going to call her grandmother and tell her that she would not listen to
him and that he did not want her in his house anymore, but she refused to open
the door.

The victim also testified that earlier the
same day, while she was sitting on the floor playing with the baby, appellant
was on the couch wearing only his robe. 
She said that appellant called her name, and when she turned around, he
had his legs open and was looking right at her. 
The victim said she could see appellant=s penis and scrotum, and that appellant
never tried to close his legs Aor anything.@

Appellant claims the evidence is factually
insufficient.  However, he merely points
to inconsistencies in the victim=s testimony. 
He asserts (1) that on cross-examination, the victim admitted that in a
prior statement to the police she had said appellant was wearing a white robe
when he body-slammed her onto the bed; (2) that she alleged that appellant had
exposed himself to her while sitting on the bed and wearing a white robe; and
(3) her statements differed regarding when appellant=s penis was erect.








Appellant then points to the testimony of
appellant=s wife (and the victim=s aunt) as contrary proof that greatly
outweighs proof of guilt.  Appellant=s wife testified that she was very upset
with appellant because she had discovered that he was having an affair.  She testified that she wanted to get him
fired, so she asked her niece, the victim, to make up a statement accusing appellant
of Atrying something@ on her. 
She said she obtained the statement the victim prepared at home and took
it to the Edinburg Police Department, and later took the victim to the police
department to give a statement in person. 









The testimony of a child victim alone is
sufficient to support a conviction for indecency with a child.  See Tex.
Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); Tex. Pen. Code Ann. ' 21.11 (Vernon 2003); Perez v. State,
113 S.W.3d 819, 838 (Tex. App.BAustin 2003, pet. ref=d); Villanueva v. State, 703 S.W.2d
244, 245 (Tex. App.BCorpus Christi 1985, no writ).  Moreover, the jury is the sole judge of the
credibility of the witnesses and the weight to be given the evidence, and may
choose to believe all, some, or none of it. 
Tex. Code Crim. Proc. Ann.
art. 38.04 (Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex.
Crim. App. 2000); Rachal v. State, 917 S.W.2d 799, 805 (Tex. Crim. App.
1996); Perez, 113 S.W.3d at 838. 
Thus, the jury is permitted to believe or disbelieve any part of the
testimony of any witness.  Jones v.
State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998).  Reconciliation of evidentiary conflicts is
solely a function of the trier of fact.  Losada
v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986); Bowden v. State,
628 S.W.2d 782, 784 (Tex. Crim. App. 1982); Perez, 113 S.W.3d at
838.  The jury could have accepted that
portion of the victim=s testimony sufficient to support the
convictions and disregarded the inconsistencies. AA decision is not manifestly unjust because
the jury resolved the manifestly conflicting views of the evidence in favor of
the State.@  Cain
v. State, 958 S.W.2d 404, 409 (Tex. Crim. App. 1997).

We have reviewed all the evidence in a
neutral light.  With due deference to the
jury verdicts, we conclude that the evidence is factually sufficient to support
both convictions. Appellant=s sixth issue is overruled.

                                                 E.  Ineffective
Assistance

In his fourth, fifth, seventh, and eighth
issues, appellant contends he received ineffective assistance of counsel during
trial.  Specifically, appellant contends
trial counsel was ineffective (1) by failing to ensure that an extraneous
offense instruction was included in the jury charges; (2) by failing to request
that the State elect which alleged incident it was relying upon for a unanimous
conviction; (3) by failing to object to, and request a mistrial for, improper
closing arguments by the State; and (4) by failing to instruct a witness to not
refer to a previous trial.

The standard of review for a claim of
ineffective assistance of counsel is well established.  See Strickland v. Washington, 466 U.S.
668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App.
1999); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).








In the absence of affirmative evidence
contained in the record, we presume that trial counsel=s actions were strategically motivated and
that counsel=s conduct fell within the wide range of
reasonable professional assistance.  Strickland,
466 U.S. at 689;  Thompson, 9
S.W.3d at 814; Jackson, 877 S.W.2d at 771.  We will not conclude that the conduct was
deficient unless the conduct was so outrageous that no competent attorney would
have engaged in it.  Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The record in this case does not show trial
counsel=s reasoning behind the challenged
conduct.  Because appellant=s complaint that he received ineffective
assistance of trial counsel is not firmly founded in the record, and the record
does not affirmatively demonstrate the alleged ineffectiveness, we cannot say
that trial counsel=s performance failed to constitute
reasonably effective assistance by falling below an objective standard of
reasonableness.[4]  Appellant=s fourth, fifth, seventh, and eighth issues
are overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Do not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed this

the 8th day of June, 2006.











[1]
As this is a memorandum
opinion not designated for publication and the parties are familiar with the
facts, we will not recite them here except as necessary to advise the parties
of our decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.





[2]
See Tex. Pen.
Code Ann. ' 21.11(a) (Vernon 2003).  





[3] Appellant was originally charged
by indictment for aggravated sexual assault in Count One; indecency with a
child by sexual contact in Count Two; indecency with a child by exposure in
Count Three; and indecency with a child by sexual contact of a second victim in
Count Four.  Count Four was severed, and
appellant was tried on Counts One, Two, and Three, which resulted in a hung
jury.  A second trial was held on Counts
Two and Three.  It is from the second
trial that this appeal ensued.         





[4] Appellant is not foreclosed from
presenting his claim via collateral attack by virtue of an application for post‑conviction
writ of habeas corpus.  Ex parte
Nailor, 149 S.W.3d 125, 130‑31 (Tex. Crim. App. 2004).