HENRY MILLER V. STATE.

No. 25383. October 17, 1951.

Hon. Henry S. Bishop, Judge Presiding.

*Henry L. Ford*, Amarillo, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted under an indictment charging that he unlawfully and with lascivious intent, knowingly and intentionally exposed his private parts to a boy under the age of sixteen years, and was assessed a penalty of twelve years in the penitentiary.

He appeared in court without counsel and received the benefit of counsel by reason of an appointment by the court. This

young lawyer properly tried his case and has filed in this court a most unusual and exhaustive brief illustrating, as is often done, the faithfulness of an attorney in representing his client charged with a crime even though he is called to do so without compensation.

We find no bills of exception in the record and nothing waived by reason of the fact that he had none. It is his contention that the indictment is not sufficient and that the evidence does not support the charge in the indictment. We have carefully considered the authorities and the argument presented in behalf of these contentions and are unable to sustain them. The indictment is in the language of the statute and is clearly sufficient.

The complaint that the evidence is not sufficient is based upon two contentions. The first is that it is in conflict with the charge in the indictment and does not prove the allegation and does not describe a crime, as defined by the statute. It is the second contention that the prosecuting witness was an accomplice and that his testimony was not corroborated.

The first ground for the contention that the evidence is insufficient depends upon the meaning of the word "expose" as is used in the statute. It will be very difficult to find any single word in the English language that is used in a wider sense and is more flexible than this particular word. Its exact meaning will depend upon its use in the writing including it. The photographer's film is exposed when, by the use of the mechanism of a camera, the light is permitted to reveal the object in front of the lense. One's character or crime is exposed when evidence is presented revealing the facts to the public, or to interested parties. These two widely divergent instances are only illustrative of the many which could be used.

Article 8 of the Penal Code provides that words should be considered to have the meaning specifically defined for them, though it be contrary to the usual use. It is further provided that words used in a statute which does not specifically define the meaning shall be construed according to the general custom and use of such words. The article under which appellant is prosecuted does not give a specific meaning for the word "expose," as it is there used. It becomes our duty, then, to give it the meaning generally in use.

Webster's New International Dictionary, in discussing the

many uses and meanings of the word, gives, among other things: "To render accessible to something that may prove detrimental." "To submit or subject to any action or influence." As an illustration he quotes: "They did not want their students exposed to new impressions."

Another and common definition is embraced in the following language: "To deprive of concealment; to disclose or unmask something criminal, shameful, or the like."

Words and Phrases, Permanent Edition, Vol. 15-A, page 490, treats the use of the word in many different situations, and illustrates clearly, by the decisions of the courts, that it need not be limited to the meaning "exposed to sight," as contended for by appellant. Unless it is so intended, appellant's argument must fall.

We have considered the evidence in the case and fail to find that the prosecuting witness was an accomplice. He testified as to the acts and conduct of appellant and nowhere is it intimated that he acquiesed therein, or did more than to endure momentarily the approaches made by appellant. This evidence was denied in toto by appellant testifying in his own behalf. The jury accepted the evidence of the boy and we are of the opinion that it was within the power of the jury to so find.

In the absence of reversible error, the judgment of the trial court is affirmed.