William Jeffrey BEASLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–94–141 CR.

Court of Appeals of Texas, Beaumont.

Sept. 13, 1995.

Rehearing Overruled Oct. 3, 1995.

Robert N. Kennedy, Conroe, for appellant.

Frank H. Bass, Jr., County Attorney, Conroe, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Appellant was charged with the Class "B" misdemeanor offense of indecent exposure. The information alleged, in pertinent part, "... did then and there ... expose his penis and was reckless about whether another person ... who was present, would be offended or alarmed by his act, ...." A jury convicted appellant. The judge assessed punishment at 180 days in jail and a fine of $1,500. Appellant urges three points of error. Point of error two challenges the sufficiency of the evidence concerning the element of the offense requiring a person expose any part of his genitals. We find it dispositive of this appeal.

The complainant had gone to a shopping center to leave some photographic film at a pharmacy for express processing. She was returning to her car when appellant drove his vehicle in front of the complainant's car, effectively "pinning" her in. Appellant opened his door and asked: "Baby, do you want to get in the car?" On direct examination, the complainant initially testified:

Q  What did you notice about him?

A  That he didn't have clothing on from the upper leg to the waist.

Q  What do you mean by that he didn't have clothing on from the upper leg to the waist?

A  His pants and undergarments were pulled down to just above the knee.

. . . .

Q  Tell the jury specifically what it was that you saw.

A  I saw the upper portion of his legs.  I saw all the way up to his waistline.  His hand was—

Q  His left hand?

A  His left hand which was the closest hand to me.  One hand was on the steering wheel.  His left hand was used almost like a shield.  It blocked my view of his penis.  But it did not block my view of the fact that the man was nude from the waist to just above the knees.

Q  [L]et me stop you right there because this is so important.  How can you be sure his penis was exposed if you didn't actually see it?

A  Sir, anytime someone has their clothes off unless they are creating a miracle they are exposed.  They are exposed to the elements.  They are exposed to the air.  They are exposed to the world.

Later, still on direct examination, the complainant testified:

Q  Did he expose any part of his penis?

A  No.  He had—His hand shielded the penis area.  That is all that was shielded of his body, though.

Q  Okay.  Now this is a very important distinction.  When I say exposed it—When I asked you if he exposed it, we have to be absolutely clear.  Did he expose it to the elements?

A  He definitely had it exposed to the elements.  I just was not able to see through his hand.

Q  And what did he expose specifically?

A  Upper leg.  Lap.  All the way to the waist.

Q  What did he expose to the elements?

A  His penis.

On cross-examination, the complainant testified:

Q You don't know if his underwear were down or up? You really don't know.

A Sir, he did not have anything on covering his body.

Q You testified here and you said in your statement, too, his hands were blocking your view. You couldn't see. How would you know?

A One hand does not cover an entire body. And one hand does not cover a thigh. I could see part of his stomach. I could see the side of his legs, you know. The only thing I could not see was his penis which was shielded by his hand. If he had had on underwear that it would have shown from the side. It would have shown at the waist. It would have shown somewhere. He was down to bare flesh.

Q But the bottom line is you are presuming he was down to bare flesh. You don't know if he had a G-string on or something covering it. You wouldn't know if he had a fig leaf covering it because you didn't see anything.

A I wouldn't know if he had a fig leaf, piece of grass, or anything else covering it, sir.... I am saying, no, I didn't go stick my head in the car to check it out.

The complainant's statement to the police was introduced into evidence. The pertinent part stated:

I saw he had his pants fully undone and unzipped pulled down to his upper thigh area. I could see skin and that his pants were down but he had his left hand in the way blocking the view of his penis. I don't know if he had his hand on his penis or if he was masturbating.

The complainant's statement and testimony both clearly indicate she did not at any time see any part of appellant's genitals.

*McGee v. State*, 804 S.W.2d 546 (Tex. App.—Houston [14th Dist.] 1991, no pet.) was an indecent exposure case where a store manager looked through a three or four inch gap in the curtain of a dressing room and saw the defendant masturbating. One of the questions on appeal was whether McGee had exposed himself to the store manager. The court stated that since there is no statutory

definition of "expose", the word should be given its ordinary meaning, quoting Webster's Third New International Dictionary (1966) definition of "to lay open to view." The court went on to hold there was sufficient evidence to find that "appellant's genitals were exposed to view and that they were seen by...." *McGee*, 804 S.W.2d at 547.

Perhaps appellant was guilty of criminal attempt[1] with regards to the indecent exposure. However, reviewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989), he did not commit the offense of indecent exposure in that he did not "expose" his penis. Using the complainant's own words, "His left hand was used almost like a shield. It blocked my view of his penis.", "His hand shielded the penis area.", "The only thing I could not see was his penis which was shielded by his hand." and "[H]e had his left hand in the way blocking the view of his penis." There is no evidence appellant exposed his genitals. Since appellant effectively hid his genitals from view, as evidenced by the complainant's testimony, there was no exposure within the meaning of the statute.

Having found the evidence insufficient, an acquittal must be ordered. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). The judgment is reversed and appellant is ordered acquitted.

REVERSED AND ACQUITTED.

WALKER, Chief Justice, dissenting.

I respectfully disagree and dissent from the majority opinion. TEX.PENAL CODE ANN. § 21.08 (Vernon 1994) provides:

A person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act.

---

1. TEX.PENAL CODE ANN. § 15.01 (Vernon 1989).

Factually, shortly before 7:30 p.m. on Friday, September 10, 1993, Complainant, a female, stopped off to have some film developed at an "Eckerd's" drug store in the 300 block of Sawdust Road. When Complainant got out of her car, she noticed Appellant William Jeffrey Beasley sitting in a cream-colored sedan in the parking lot. Complainant went inside the store.

When Complainant came out of the store, the cream-colored sedan appeared to have left. However, as Complainant approached her car, the cream-colored sedan returned. The appellant was driving the cream-colored sedan and he smiled at Complainant as he drove by. The appellant pulled in front of Complainant's car at an angle—effectively "pinning" her in.

The appellant swung his sedan door open and asked, "Baby, do you want to get in the car?" Complainant noticed that the appellant "didn't have any clothing on from the upper leg to the waist." The appellant's pants were fully unzipped, undone and pulled down. The appellant's undergarments were also pulled down to just above the knees.

Complainant could see "skin," although the appellant used his left hand to shield the view of his penis. The appellant appeared "nude" from the waist to just above the knees.

Even though the appellant shielded his penis from Complainant's view, Complainant testified that the appellant's penis was nevertheless *"exposed"* to the "elements," the "air," and the "world."

Before getting in her car and locking her doors, Complainant concentrated hard on the appellant's face. Complainant saw that the appellant was still smiling and had a "sick grin" on his face. After getting in her car, Complainant noted the cream-colored sedan's license plate number as the appellant slowly pulled away. Complainant then drove across the street to another store and called 911.

The police arrived shortly thereafter and apprehended the appellant, who was still in the Eckerd's drug store parking lot, still smiling. Complainant positively identified the appellant as the man who had exposed himself.

Egregious, though these facts be, does the technical wording of § 21.08 prohibit a conviction of William Jeffrey Beasley simply because he was sufficiently astute to cover his penis by shielding same with his hand?

At first glance, it appears that a strict, technical, and literal view of § 21.08 prohibits a conviction where the anus or genitals are not actually seen by another person. In other words, the intent of § 21.08 is defeated should any person, seeking sexual gratification, totally naked, walk the public streets of any city in Texas, into any Court proceeding, into the gallery of our State Legislature while in session, or anywhere else, so long as certain body parts are covered with one's hands. I am aware of no other statute in the penal code which would prohibit such conduct should § 21.08 be interpreted as the majority has done.

The evidence in this case clearly indicates that appellant was in the act of gratifying his own sexual desires and was doing so in the presence of Complainant.

I interpret "any person" under § 21.08 to include appellant. Appellant "exposed" himself to himself and in so doing was "reckless" about whether another person [Complainant] would be offended by his act.

The evidence in this case conforms perfectly with and to the INFORMATION. The information by which appellant was charged reads as follows:

COMES NOW the undersigned Assistant County Attorney of Montgomery County, Texas, in behalf of the State of Texas, and presents in and to the County Court at Law of Montgomery County, Texas, that in Montgomery County, Texas, WILLIAM J. BEASLEY, hereafter styled the Defendant, heretofore on or about SEPTEMBER 10, 1993, did then and there unlawfully and willfully expose HIS PENIS and was reckless about whether another person, namely, [COMPLAINANT], who was present would be offended or alarmed by HIS act, with the intent to arouse or gratify the sexual desire of HIMSELF.

The majority cites *McGee v. State*, 804 S.W.2d 546 (Tex.App.—Houston [14th Dist.]

1991, no pet.) as requiring appellant "to lay open to view," his penis, to Complainant. Such is not the requisite under § 21.08, nor required proof under the INFORMATION. As to Complainant, § 21.08 only requires that appellant be "reckless" as to whether she was present and would be offended or alarmed by his conduct.

TEX.PENAL CODE ANN. § 6.03(c) (Vernon 1994), provides:

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

I cannot agree that the word "expose" as used in § 21.08 requires visible sighting. *Miller v. State*, 156 Tex.Crim. 389, 243 S.W.2d 175, 176 (1951), was a case wherein appellant was charged with "unlawfully and with lascivious intent, knowingly and intentionally exposed his private parts to a boy under the age of sixteen years . . .," A felony under former Vernon Ann. P.C. (1925) art. 535c. In *Miller*, the Court of Criminal Appeals was confronted with like contention that the evidence was insufficient to meet that charged in the indictment. In considering the word "exposed," the *Miller* Court stated, "It will be very difficult to find any single word in the English language that is used in a wider sense and is more flexible than this particular word." *Id.* at 175.

In affirming the trial court's judgment of conviction, Justice Beauchamp wrote:

Article 8 of the Penal Code provides that words should be considered to have the meaning specifically defined for them, though it be contrary to the usual use. It is further provided that words used in a statute which does not specifically define the meaning shall be construed according to the general custom and use of such words. The article under which appellant is prosecuted does not give a specific meaning for the word "expose", as it is there used. It becomes our duty, then, to give it the meaning generally in use.

Webster's New International Dictionary, in discussing the many uses and meanings of the word, gives, among other things: "To render accessible to something that may prove detrimental." "To submit or subject to any action or influence." As an illustration he quotes: "They did not want their students exposed to new impressions."

Another and common definition is embraced in the following language: "To deprive of concealment; to disclose or unmask something criminal, shameful, or the like."

Volume 15–A, Words and Phrases, page 490, treats the use of the word in many different situations and illustrates clearly, by the decisions of the courts, that it need not be limited to the meaning "exposed to sight", as contended for by appellant. Unless it is so intended, appellant's argument must fall.

*Id.* at 176.

Certainly our State Legislature did not intend that an overt, frightening and criminal act such as that committed against Complainant should simply vanish because the offender shielded his penis with his hand. The past criminal history of appellant confirms that he is a sexually dangerous person. The appellant's penitentiary packet reflects a St. Petersburg, Florida conviction for the Florida crime of "Involuntary Sexual Battery." This conviction served as an enhancement for the appellant's subsequent Texas conviction for Aggravated Sexual Assault. I would overrule appellant's point of error two.