COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                       NO. 02-05-051-CR

 

 

ROGER MAURICE BONDS                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 78TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A
jury convicted Appellant Roger Maurice Bonds of indecency with a child by
exposure,[2]
and the trial court sentenced him to six years= confinement in the Institutional
Division of the Texas Department of Criminal Justice.  In one issue, Appellant argues that the jury=s verdict was Aclearly wrong and manifestly
unjust@ because Appellant=s actions did not fit the offense in anything more than a
technical sense.

Appellant
concedes the legal sufficiency of the evidence.  Specifically, he concedes that he was masturbating in public in
the presence of children and that he was, in the process, exposing his genitals
and gratifying himself sexually.  But he
relies on language from the factual sufficiency standard of review[3]
to argue that A[b]ecause no child saw [him]
expose himself, . . .  the jury=s verdict in this case is >clearly wrong and manifestly
unjust.=@  He explains that Athe purpose of the statute is to criminalize the
consequences of exposure of flesh to children. 
There has been no such demonstration that a child or children saw
Appellant=s penis, therefore there was no
crime.@








Appellant
correctly concedes that other intermediate appellate courts have repeatedly
held that the offense of indecency with a child by exposure does not require
that the child see the genitals.[4]  Further, we note that in cases involving
misdemeanor indecent exposure, the Texas Court of Criminal Appeals has held
that exposure Aneed not be limited to the meaning
>exposed to sight.=@[5] 
We see no reason, nor has Appellant suggested any, to treat the meaning
of exposure differently for this offense.  We therefore decline to go against our sister courts or the Texas
Court of Criminal Appeals. 
Consequently, we overrule Appellant=s sole issue and affirm the trial
court=s judgment.

 

PER CURIAM

PANEL F:  DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED:  March 23, 2006











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Penal Code Ann. ' 21.11(a)(2)(A) (Vernon 2003).





[3]See Zuniga v. State, 144 S.W.3d 477, 483 (Tex. Crim.
App. 2004).





[4]See, e.g., Breckenridge v.
State, 40 S.W.3d 118, 124-25 (Tex. App.CSan Antonio 2000, pet. ref=d); Uribe v. State, 7 S.W.3d 294, 297 (Tex. App.CAustin 1999, pet. ref=d); Balfour v. State, 993
S.W.2d 765, 769 (Tex. App.CAustin 1999, pet. ref=d).





[5]Miller v. State, 156 Tex. Crim. 389, 243 S.W.2d
175, 176 (1951).