Roger Maurice Bonds v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-051-CR

ROGER MAURICE BONDS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Roger Maurice Bonds of indecency with a child by exposure,
(footnote: 2) and the trial court sentenced him to six years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In one issue, Appellant argues that the jury’s verdict was “clearly wrong and manifestly unjust” because Appellant’s actions did not fit the offense in anything more than a technical sense.

Appellant concedes the legal sufficiency of the evidence.  Specifically, he concedes that he was masturbating in public in the presence of children and that he was, in the process, exposing his genitals and gratifying himself sexually.  But he relies on language from the factual sufficiency standard of review
(footnote: 3) to argue that “[b]ecause no child saw [him] expose himself, . . .  the jury’s verdict in this case is ‘clearly wrong and manifestly unjust.’”  He explains that “the purpose of the statute is to criminalize the consequences of exposure of flesh to children.  There has been no such demonstration that a child or children saw Appellant’s penis, therefore there was no crime.”

Appellant correctly concedes that other intermediate appellate courts have repeatedly held that the offense of indecency with a child by exposure does not require that the child see the genitals.
(footnote: 4)  Further, we note that in cases involving misdemeanor indecent exposure, the Texas Court of Criminal Appeals has held that 
exposure
 “need not be limited to the meaning ‘exposed to sight.’”
(footnote: 5)  We see no reason, nor has Appellant suggested any, to treat the meaning of 
exposure
 differently for this offense.  We therefore decline to go against our sister courts or the Texas Court of Criminal Appeals.  Consequently, we overrule Appellant’s sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 23, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 § 21.11(a)(2)(A) (Vernon 2003).

3:
See Zuniga v. State
, 144 S.W.3d 477, 483 (Tex. Crim. App. 2004).

4:
See
,
 e.g.
,
 Breckenridge v. State
, 40 S.W.3d 118, 124-25 (Tex. App.—San Antonio 2000, pet. ref’d); 
Uribe v. State
, 7 S.W.3d 294, 297 (Tex. App.—Austin 1999, pet. ref’d); 
Balfour v. State
, 993 S.W.2d 765, 769 (Tex. App.—Austin 1999, pet. ref’d).

5:
Miller v. State
, 156 Tex. Crim. 389, 243 S.W.2d 175, 176 (1951).