

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00093-CR

TANAVIONNE MARCELL ROBERTSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 26412

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Tanavionne Marcell Robertson appeals his conviction for the offense of indecency with a child by exposure. Robertson waived his right to a trial by jury and entered a plea of not guilty. The trial court found Roberson guilty and sentenced him to five years' confinement, but suspended his sentence and placed him on community supervision. Robertson contends that the evidence is legally insufficient to sustain his conviction because the State failed to show he exposed his genitals to the complainant. Because we find the evidence was sufficient, we affirm the trial court's judgment.

## I. Background

On August 18, 2015, A.B., who was eleven years old at the time, went to Taco Express with her two cousins, Anna Wilson and Sarah Floyd.[1] A.B.'s cousins were seeking employment at the restaurant and were in the process of speaking to one of the Taco Express employees. While her cousins were speaking to the employee, in the back of the building, A.B. was standing at the back door of the restaurant where she had a view of the street. While standing there, A.B. saw Robertson across the street on the parking lot of a church, and she noticed that he was moving closer to her location. When asked what Robertson was doing, A.B. answered, "He had sat down and he was -- I guess he was playing with hi[m]self." A.B. explained that he was "[m]oving his hands up and down." A.B. stated, "[Robertson was] kind of a far distance, but then I recognized what he was doing." A.B. continued, "I didn't see his private parts, but I [saw] his hands [were]

---

[1]We refer to the child complainant by her initials and to the remaining witnesses by fictitious names to protect the privacy of the child. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014).

over it." A.B. testified that Robertson stated, "I thought you wanted me to do it, or something." Robertson then went back to his original location. A.B. explained that when she first saw Robertson, his pants "were, like, up," "like pants are supposed to be." However, when Robertson began walking in her direction, "they were down." "When he sat on the wall they were, like, down, like, unzipped."[2]

Floyd also testified at trial. At the time of the incident, Floyd was nineteen years of age. Floyd testified that on the day of the incident, she was with "[her] cousin [Anna] and [her] little cousin [A.B.] and at the time[, her] boss Cameron Prum." She explained that she was speaking to Prum about her job at Taco Express and that they were outside the restaurant at the back of the building. Floyd testified that while she was speaking to Prum, she saw Robertson "sitting down on the concrete, and [she saw] his hand moving up and down in his pants." Floyd explained that while Robertson was looking at A.B., his "hand [was] moving up and down inside of his pants." She told A.B. to go inside because she "felt like [Robertson] -- . . . was looking at her, and she's underage."

Wilson was seventeen at the time of the incident. Wilson testified that she was the last person to exit the restaurant and that when she went outside, she saw Robertson walking back across the street to his original location. Wilson stated that when Robertson sat down, his hands were in his pants. Wilson explained that she believed Robertson was masturbating.

---

[2]Following A.B.'s testimony, Robertson moved for a directed verdict arguing that because A.B. was unable to see Robertson's genitals, the State failed to prove a requisite element of its case. The trial court denied his request.

Chris Widner, an officer with the Paris Police Department, testified that he was dispatched to the restaurant and that when he arrived there, Robertson appeared to be masturbating. Widner exited his vehicle and asked Robertson what he was doing. Robertson told Widner that he was masturbating. Widner explained that Robertson was sitting down, leaning against a pillar, and that Robertson's hands remained inside of his pants. Widner stated, "[I] was able to see [Robertson's] penis at that time is what I was able to do, so he -- he was jacking off." The State showed Widner a photograph of Robertson and asked him if he recognized the person in the photograph, to which Widner responded that he did. The date on the photograph corresponded with the date of the incident. Widner explained that the photograph showed that Robertson's pants were "pulled down a little bit behind his buttocks." Widner continued,

> It wasn't always all the way around his waist or below his waist or anything like that. That's kind of why it was a little bit more difficult when I first pulled up. And then when I made contact with him I could see that it was loose and they were down, so.

When asked if Robertson's genitals were exposed, Widner responded, "Yes." After Widner placed Robertson in his patrol car, he spoke with A.B. and her cousins. Widner stated that after he placed Robertson in his police vehicle, Robertson continued to masturbate in the backseat. "He was actually turned looking the direction of where the females were at[,] masturbating." Widner explained that the three girls were still outside and that he believed A.B. was still within Robertson's view. On cross-examination, Widner was asked if he believed the girls could see Robertson's genitals while he was in the patrol vehicle, to which Widner responded, "In my vehicle, no." Widner stated that he believed an individual masturbates for "self-gratification." He continued, "I don't know any other reason."

4

At this point in the trial, Robertson asked again for a directed verdict.

> The statute requires that he expose himself with the intent to gratify -- expose himself to an underage child with intent to gratify. Now, what we've got with Mr. Tanavionne is he was masturbating, but he didn't -- there -- the evidence is unequivocal from all three witnesses that he didn't expose himself to this child. This child didn't see him, and he didn't think she saw him. The -- the idea that we could get beyond a reasonable doubt that he exposed himself for the purpose of gratifying her even if she didn't see it when the evidence is from all three witnesses that he didn't expose himself, he -- his pants were up, they could tell what he was doing but they couldn't see his penis, that's not exposure. That's all the evidence there is.
>
> And the fact that -- that she may have been looking away, first of all, requires that he be exposing himself and that he do it to -- with the intent to gratify and she see it.

After hearing from the State, the trial court denied Robertson's motion for a directed verdict.

Just before Robertson testified, he asked for a directed verdict for a third time. On that occasion, Robertson argued that he did not expose his genitals to A.B. and that the only witness who actually saw his genitals was Widner. The trial court denied Robertson's third request for a directed verdict.

Robertson then testified that on the day of the incident he was homeless and was looking for a place to masturbate. He stated that his pants were not down and that no one could see his genitals. Robertson explained,

> Well, I was trying to find a private place to [masturbate] and I -- so -- and I couldn't, so I sat in front of the church, and then the 19-year-old, she was just staring at me, so I started to walk across the street. But before I approached the 19-year-old, the 19-year-old made [A.B.] go safely inside the burger shop, and she never came out until the police arrived.

Robertson repeatedly stated that A.B. was not present when he exposed himself. He claimed that when A.B. was present, his hands were down by his side and that it was only after A.B. went back

5

inside the restaurant that he began to masturbate.  According to Robertson, he only intended to masturbate in the presence of the adults.  Robertson admitted that he continued to masturbate after he was placed in the police vehicle, however.  He stated, "[B]ut the little girl couldn't see my [genitals] when I was masturbating in the back of the police car."  He stated that he was looking back toward the scene and that he could see A.B., Floyd, and Wilson.

> I knew they was trying to identify me.  That's why I was turned around.  And I wanted to -- and I wanted to admire them.  That's why I was turned around because I knew they was trying to identify me and I wanted to take advantage of them trying to identify me by admiring them.[3]

Robertson went on to admit that he was "[h]igh" on methamphetamine at the time the incident occurred.

After hearing testimony and closing arguments from both parties, the trial court found Robertson guilty of indecency with a child by exposure and sentenced him to five years in prison, but suspended his sentence and placed him on community supervision.  This appeal followed.

On appeal, Robertson contends there was insufficient evidence to support the trial court's judgment of conviction.  Specifically, Robertson maintains that the State failed to prove that he exposed himself in A.B.'s presence.  We disagree.

## II.    Standard of Review

In evaluating legal sufficiency in this case, we must review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found,

---

[3]After Robertson completed his testimony, he asked the trial court for a directed verdict for the fourth time.  "Now we have it more conclusively than ever that his intent was not for the eleven-year-old to see him.  He didn't even -- he was confident she wasn't there."  Again, the trial court denied Robertson's request.

beyond a reasonable doubt, that Robertson was guilty of indecency with a child by exposure. *See*

*Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—

Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*,

323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction

of the *Brooks* opinion, while giving deference to the responsibility of the fact-finder "to fairly

resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic

facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*,

443 U.S. at 318–19). Legal sufficiency of the evidence is measured by the elements of the offense

as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.

Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the

indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict

the State's theories of liability, and adequately describes the particular offense for which the

defendant was tried." *Id*.

## III.    Discussion

Robertson was charged with indecency with a child by exposure.[4] In order to prove

indecency with a child by exposure under Section 21.11 of the Texas Penal Code, the State must

---

[4]The State's indictment against Robertson stated,

> [Robertson] on or about August 18, 2015 in the County of Lamar and the State of Texas, did then
> and there, with the intent to arouse or gratify the sexual desire of the Defendant, expose the
> defendant's genitials [sic] knowing that [A.B.], a child younger than 17 years of age, was present.

prove the following: (1) the child was younger than seventeen years and not the spouse of the accused; (2) the accused exposed any part of his genitals; (3) the accused knew the child was present; and (4) the actions were taken with intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.11(a)(2) (West 2011). Exposure means "[t]o deprive of concealment; to disclose or unmask something criminal, shameful, or the like." *Balfour v. State*, 993 S.W.2d 765, 769 (Tex. App.—Austin 1999, pet. ref'd) (quoting *Miller v. State*, 243 S.W.2d 175, 176 (Tex. 1951)). The necessary specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, remarks, and all surrounding circumstances. *Claycomb v. State*, 988 S.W.2d 922, 925 (Tex. App.—Texarkana 1999, pet. ref'd).

In this case, Robertson contends that the State did not prove that he exposed his genitals to A.B. and, thus, that the evidence is insufficient to support a finding of guilt. Robertson contends that "there was no exposure in the presence of [A.B.] under any possible interpretation of the facts presented to the trial court." Robertson maintains that his conviction cannot stand because A.B. was looking directly at him and saw nothing. In response, the State maintains that exposure in a child's presence does not require that the child to be aware of the exposure or see the exposed body part. We agree.

The Texas Court of Criminal Appeals explained in its *Amador*[5] opinion that exposure in a child's presence does not require the child to be aware of the exposure or see the exposed body part. In *Harris v. State*, 359 S.W.3d 625 (Tex. Crim. App. 2011), the court explained:

> In *Ex parte Amador*, we established that indecency with a child by exposure does not depend upon the child suffering any harm from seeing the defendant's genitals.

---

[5]*Ex parte Amador*, 326 S.W.3d 202 (Tex. Crim. App. 2010).

8

> *Amador*, 326 S.W.3d at 207, 208. "[I]t is the society that is 'offended or alarmed' by the fact that its children should be subjected to such exposure." *Id*. at 208. The child need only be "present" for the offense to be effectuated; the child does not even have to be aware of the exposure. As Judge Cochran stated in her concurring opinion, "The offense is based on the defendant's actions and mental state, not the other person's comprehension." *See id.* at 209 (Cochran, J., concurring) (citing *Uribe v. State*, 7 S.W.3d 294, 297 (Tex. App.—Austin 1999, pet. ref'd) (upholding a conviction for indecency with a child by exposure even though the child did not see the defendant's genitals)). Accordingly, the forbidden conduct of Section 21.11(a)(2)(A) is the exposure of the defendant's anus or genitals under the proscribed circumstances. As such, this factor suggests that the act of exposure is the unit of prosecution.

*Harris*, 359 S.W.3d at 631 (footnote omitted). All the statute requires is that the accused knew a child was present and exposed his genitals with the intent of gratifying someone's sexual desire. *Breckenridge v. State*, 40 S.W.3d 118, 125 (Tex. App.—San Antonio 2000, pet. ref'd) (concluding that the crime of indecency with a child by exposure concerns what the defendant exposed, not what the victim saw).

Although Robertson claims that he did not see A.B. and that A.B. did not see him at the time he was masturbating, the remaining witnesses testified that A.B. was present during the incident and that she was within Robertson's view. In fact, Floyd told A.B. to go inside because she believed Robertson was looking at A.B. She also testified that while Robertson was looking at A.B., his hand was moving up and down inside his pants. A.B. testified that Robertson's pants were down "like unzipped" and that Robertson was "moving his hands up and down." In addition, Widner explained that when he arrived at the scene, he asked Robertson what he was doing and that Robertson responded that he was masturbating. Widner also testified that during the time he was speaking to Robertson, he could see his genitals. Widner stated that when Robertson was in the police vehicle, he continued to masturbate while looking at all three of the girls. Moreover,

9

Robertson conceded that he was masturbating prior to and after Widner's arrival. He also admitted that after being placed in the police vehicle, he could see all three of the girls, including A.B., and that he continued to masturbate because "[he] wanted to take advantage of them trying to identify [him] by admiring them."

In this case, the trial court was the fact-finder. The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The fact-finder may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When a reviewing court is faced with conflicting evidence, it must presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Thus, if any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

The fact that Robertson was masturbating during the incident is uncontested. As it relates to whether A.B. was present while Robertson was masturbating, the trial court apparently believed the State's evidence rather than Robertson's version of events. Moreover, contrary to Robertson's contention, there is no requirement that A.B. actually saw Robertson's exposed genitals. We find that the evidence was sufficient for the trial court to find Robertson guilty of indecency with a child by exposure. We overrule Robertson's point of error.

10

## IV.    Conclusion

We affirm the trial court's judgment.


                                        Bailey C. Moseley
                                        Justice

Date Submitted:    December 1, 2016
Date Decided:      February 1, 2017

Do Not Publish