**Opinion filed October 22, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00236-CR

_____

## JULIAN GUTIERREZ MONCADA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 12247**

## M E M O R A N D U M   O P I N I O N

In the first count of a two-count indictment, the grand jury indicted Julian Gutierrez Moncada, Appellant, for the offense of indecency with a child by contact. In the second count of the indictment, the grand jury indicted Appellant for the offense of indecency with a child by exposure. In the indictment, it was alleged that the offenses occurred on or about January 1, 2013. The jury found Appellant guilty

of both offenses and assessed his punishment at confinement for fifteen years on Count One and for ten years on Count Two. The trial court sentenced him accordingly. We modify and affirm.

The child victim in this case is J.B. At the time of trial, August 2018, J.B. was seventeen years old. She testified that, at some point, her mother and Appellant had been in a relationship and that Appellant had moved in with them; they lived on Louisiana Street in Sweetwater at the time. J.B. could not remember how old she was at that time, but the record indicates that the events surrounding the charges in this case occurred at various times between J.B.'s fourth and sixth grade school years. J.B. tied the dates of the incidents she testified about to the locations they lived at the time of the incidents. They also lived on Ragland Street, Bristol Street, and New Mexico Street, all in Sweetwater.

Appellant touched J.B. for the first time when they lived on Louisiana Street; he rubbed her leg. Over time, the conduct escalated. At times, he "[touched her] behind," moved her underwear so that he could touch her "behind" and vagina with his penis, fondled her breasts, and used his hands to "move stuff out of the way" so that he could touch her with his penis. It appears from the record that Appellant ejaculated onto J.B.'s vagina because J.B. testified that Appellant kept touching her "until he was finished" and then she had "like, sticky stuff down there." Although J.B. could not remember how many times these incidents occurred, she testified that they occurred three to four times a week. J.B. said that, after the incidents, she went into the bathroom, cleaned up, and cried.

In September 2015, J.B. told her mother about Appellant's conduct. J.B.'s mother took J.B. to the police station and then to the Children's Advocacy Center.

Subsequently, Julie Ann Denney, a certified sexual assault nurse examiner, examined J.B. Denney testified that J.B. told her about Appellant's conduct. J.B.

told Denney that Appellant had penetrated J.B.'s vagina and had also forced her to perform oral sex on him. Denney did not observe any trauma but explained why certain physical evidence might not be present in the examination. Denney also tested J.B. for sexually transmitted diseases; J.B. tested positive for chlamydia. Medical records showed that J.B.'s mother was also diagnosed with chlamydia within a few months of J.B.'s testing positive for chlamydia.

Appellant testified at trial; he denied the allegations and stated that he did not know about the allegations until he was arrested. Appellant believed either that he was being set up by J.B.'s mother or that J.B. was trying to get attention.

In his first of three issues on appeal, Appellant claims that the evidence is insufficient to prove that he is guilty of indecency with a child by exposure, as charged in Count Two of the indictment, because the State did not establish that he caused J.B.'s genitals to be exposed. Appellant does not challenge the sufficiency of the evidence in connection with the first count in the indictment, indecency with a child by contact.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to

the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

The Texas Penal Code provides:

(a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person:

(1) engages in sexual contact with the child or causes the child to engage in sexual contact; or

(2) with intent to arouse or gratify the sexual desire of any person:

(A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or

(B) causes the child to expose the child's anus or any part of the child's genitals.

TEX. PENAL CODE ANN. § 21.11(a) (West 2019).

The crux of Appellant's argument is that the State did not prove that there was an exposure of J.B.'s genitals. We are thus confronted with the question: What is "exposure" under Section 21.11(a)(2)(B) of the Texas Penal Code?

Because the term "expose" is not defined by statute, we will examine the term in a way that is consistent with its generally understood meaning. *Cantu v. State*,

604 S.W.3d 590, 593 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing *Warner v. State*, 257 S.W.3d 243, 246 (Tex. Crim. App. 2008) ("[A] term not defined by the legislature may be understood by its meaning in ordinary usage.")). As far as the indecency with a child by exposure statute is concerned, exposure means: "To deprive of concealment; to disclose or unmask something criminal, shameful, or the like." *Balfour v. State*, 993 S.W.2d 765, 769 (Tex. App.—Austin 1999, pet. ref'd) (quoting *Miller v. State*, 243 S.W.2d 175, 176 (Tex. Crim. App. 1951)).

Most of the cases on this subject involve circumstances where the defendant exposed his own genitals to another. It has been held in those cases that it is not necessary that the victim actually see the defendant's genitals, only that they be exposed. *See, e.g.*, *Harris v. State*, 359 S.W.3d 625, 631 (Tex. Crim. App. 2011).[1] The offense is complete when the defendant unlawfully exposes himself. *Id.*

We do not believe that it should be any different in situations when a defendant causes exposure of a child's genitals. It is not necessary that anyone see the exposed genitals, it is enough that they were exposed. There can be little doubt, if any at all, in this case that there was a deprivation of concealment; a disclosure and unmasking of "something criminal, shameful, or the like." *Balfour*, 993 S.W.2d at 769 (quoting *Miller*, 243 S.W.2d at 176).

J.B. testified that Appellant moved her underwear so that he could touch her "behind" and vagina with his penis and used his hands to "move stuff out of the way" so that he could touch her with his penis. As we have noted, Appellant apparently ejaculated onto J.B.'s vagina because J.B. testified that Appellant kept touching her "until he was finished" and that she then had "like, sticky stuff down

---

[1]Appellant relies on *Beasley v. State*, 906 S.W.2d 270 (Tex. App.—Beaumont 1995, no pet.). In *Beasley*, the court held that there was no exposure when the defendant covered his penis with his hand and the complaining witness could not see it. We respectfully decline to follow *Beasley*.

5

there." As the trier of fact, it was the jury's prerogative to believe that testimony. It is difficult for us to understand how all of that could transpire without exposing J.B.'s genitals. We overrule Appellant's first issue on appeal.

In his second issue on appeal, Appellant asserts that the trial court reversibly erred when it refused to allow him to cross-examine J.B. about an incident "[w]hen [J.B.] was at the tracks and got picked up by four boys and taken to a home in [Roscoe] and was found the next day." At trial, the State maintained that the testimony was not relevant and that, even if it were relevant, any probative value of the testimony would be outweighed by the prejudicial effect of the testimony. The trial court ruled that the testimony was not relevant and that it confused the issues.

Outside the jury's presence, Appellant's counsel stated that she wanted to ask J.B. about the kidnapping in order to show a "lack of supervision" and that she wanted to "prove that there's a lack of supervision in [J.B.'s] life." Trial counsel also explained that the testimony would show that J.B. "was at the tracks and got picked up by four boys and taken to a home in [Roscoe] and was found the next day." Counsel also stated that "what I'm trying to prove is that there was lots of opportunity for lots of things to happen with [J.B.]. It wasn't just one time that -- or it wasn't just one person that she was exposed to." The State argued that the testimony was not relevant because lack of supervision had no probative value as to whether Appellant committed the offense.

In his brief, Appellant further maintains that the State had offered evidence that both J.B. and her mother had contracted chlamydia and that the State wanted to "link mother and daughter as both having Chlamydia so that the jury would draw the inference that they would only both have Chlamydia if they both shared a sexual partner . . . that must mean Appellant committed these offenses." The kidnapping testimony, Appellant argues, would have rebutted this evidence.

6

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). We will uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001).

The first step in a trial court's determination of whether to admit evidence is to find the evidence to be relevant. *Henley v. State*, 493 S.W.3d 77, 83 (Tex. Crim. App. 2016). Although our rules favor the admission of all relevant evidence, "the trial court judge is still in charge of making the threshold decision as to whether evidence is relevant," and that decision will not be overturned unless it is "clearly wrong." *Id.* (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008)).

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." TEX. R. EVID. 401. Thus, to be relevant, the evidence must be probative and material. Evidence is probative if it makes a fact more or less probable than it would be without the evidence. *Henley*, 493 S.W.3d at 84–85. Evidence is material if the fact that it is offered to prove is a fact that is of consequence in the determination of the action. *Id.* at 85. Thus, if the evidence is offered to help prove a proposition that is not a matter in issue, the evidence is immaterial and therefore inadmissible. TEX. R. EVID. 402; *Henley*, 493 S.W.3d at 84.

During trial, Appellant's trial counsel stated that the purpose of the offer was to show "all the different places [J.B.'s] lived and the people that she's lived with." Trial counsel went on to tell the trial court that she referenced the kidnapping to show "[l]ack of supervision. I'm trying to prove that there's a lack of supervision in her life." Trial counsel also argued in the trial court that there were "a lot of different people" that J.B. "was exposed to." Appellant's trial counsel also told the trial court

that counsel was not trying to show that J.B. was promiscuous, just that "the opportunity was -- was there, and that's -- that's all I was going for is just to show that there was a lot of unaccounted for time in this girl's life." Implicit in trial counsel's argument was that counsel also wanted to use the testimony to rebut the State's suggestion that Appellant gave both J.B. and J.B.'s mother chlamydia.

Lack of supervision is not an element of either indecency with a child by contact or indecency with a child by exposure. Further, the record shows that the kidnapping incident occurred at a time later than Appellant's conduct that was made the subject of the charges in the indictment in this case. We also note that the kidnapping incident was later in time than was J.B.'s diagnosis of chlamydia. Additionally, there was no offer of proof as to what, if anything, happened during the alleged kidnapping. We hold, therefore, that the trial court did not abuse its discretion when it ruled that the kidnapping testimony was not relevant and therefore not admissible. Because the testimony was clearly not relevant, we see no need to discuss Rule 403 of the Texas Rules of Evidence.

The Sixth Amendment to the U.S. Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. Appellant claims that the trial court denied him that right when it excluded the kidnapping evidence.

It is the general rule that, to preserve error, a defendant must timely and specifically object. "Confrontation Clause claims are subject to this preservation requirement." *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010). At no time did Appellant object, on Confrontation Clause grounds, to the trial court's refusal to allow him to question J.B. about the kidnapping incident. The entire on-the-record discussion about the admissibility of the kidnapping testimony was centered around whether the testimony was relevant. The trial court was never given

8

the opportunity to rule on the Confrontation Clause argument that Appellant now makes on appeal. Appellant has not preserved the issue for appeal. *See id.*; *see also* TEX. R. APP. P. 33.1. Because the trial court did not abuse its discretion when it found that the kidnapping testimony was not relevant, and because Appellant failed to object on Confrontation Clause grounds, we overrule Appellant's second issue on appeal.

In his third issue on appeal, Appellant complains of the trial court's order in which the trial court assessed court-appointed attorney's fees against Appellant. Early in the history of this case, the trial court entered its "ORDER ON DEFENDANT'S APPLICATION FOR DETERMINATION OF INDIGENCY AND REQUEST FOR COURT APPOINTED COUNSEL." In the order, the trial court appointed counsel to represent Appellant. However, the trial court found that "[t]he Defendant does not meet the indigency standards of this Court; however, the Court finds that the interest of justice requires that counsel be appointed to represent the Defendant in this matter, and therefore, the Request for Court-Appointed Counsel is **GRANTED**." The order also contained a provision that "[t]he Defendant is **ORDERED** to immediately report to the Office of Court Collections and make payments of at least $50.00 per month toward [his] court appointed attorney fee; total payments not to exceed $500.00." In its final judgment, the trial court ordered Appellant to pay court costs of $782 and attorney's fees of $5,350.

Under the provisions of Article 26.05(g) of the Texas Code of Criminal Procedure, if a judge determines that a defendant has financial resources that would "enable the defendant to offset in part or in whole, the costs of legal services provided to defendant," the judge is required to order the defendant to pay the amount that the judge finds that the defendant is able to pay. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2020). After a defendant has been found to be

indigent, it is presumed that the defendant remains indigent throughout the remainder of the proceedings, unless there is a material change in the defendant's financial circumstance. *Id.* art. 26.04(p).

In this case, the trial court did not enter a finding that Appellant was indigent when the trial court appointed counsel. Instead, the trial court found that its standards for indigency were not met, but it appointed counsel "in the interest of justice." Therefore, we are not concerned with the presumption provided for in Article 26.04(p) of the Texas Code of Criminal Procedure. But the trial court's original finding of "no indigency" is not a finding as to Appellant's ability to pay at the time that the trial court entered its judgment and ordered that Appellant pay court-appointed attorney's fees. *Jackson v. State*, 562 S.W.3d 717, 723 (Tex. App.—Amarillo 2018, no pet.).

There is no evidence in the record as to Appellant's financial resources at the time that the trial court entered its judgment. In the absence of evidence that demonstrated Appellant's financial resources that were available to Appellant to offset the costs of legal services, the trial court erred when it ordered Appellant to reimburse the costs of court-appointed attorney's fees. *Id.* We, therefore, sustain Appellant's third issue on appeal and modify the judgment of the trial court to delete that portion of the judgment in which the trial court ordered Appellant to pay court-appointed attorney's fees.[2] *Id.* (citing *Mayer v. State*, 309 S.W.3d 552, 556–57 (Tex. Crim. App. 2010) (trial court judgment modified to delete unauthorized attorney's fees and affirmed as modified)).

---

[2]We recently decided *Engel v. State*, No. 11-18-00225-CR, 2020 WL 5491100, at *10 (Tex. App.— Eastland Sept. 11, 2020, no pet. h.). Unlike Appellant here, the appellant in *Engel* asked that we delete only a portion of the attorney's fees that the trial court had ordered in the final judgment.

We modify the judgment of the trial court to delete the requirement that Appellant reimburse the cost of his court-appointed attorney. As modified, we affirm the judgment of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


October 22, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.