**Gary Wayne McGEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–974–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 10, 1991.

Paul Nugent, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before ROBERTSON, SEARS and
DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a jury conviction for indecent exposure. The court assessed punishment of 90 days probated 180 days and a $300.00 fine. In his sole point of error, appellant contends the evidence was insufficient to sustain the conviction. We affirm.

The Kokomo is a store located in Houston that sells beach attire and sporting equipment. During the afternoon of June 8, 1989, appellant entered the store and started to look at merchandise. When asked, appellant told the manager that he did not need any assistance. Soon thereafter, approximately ten to twelve other customers, all women, entered the store. The manager began helping a lady who was trying on various bathing suits in one of the end dressing rooms. A woman and her teenage daughter were in the other end dressing room where the daughter was trying on a bathing suit. Appellant then entered the center dressing room with two bathing suits.

The three dressing rooms in The Kokomo are constructed of a plastic tarpaulin stretched around a plastic pipe framework. The rooms stand next to each other and are set flush against a wall of the store with mirrors on it. The tarpaulin, which acts as the side walls of the dressing rooms, is strapped to the framework with nylon tied through brass grommet holes. The front of each room consists of a draw curtain that slides from side to side and extends to a point approximately eighteen inches from the floor.

The manager, Eric Rinkoff, noticed that appellant was in the dressing room an unusually long time and that there were several customers waiting to use the rooms. Rinkoff testified that appellant's pants and both garments he took into the dressing room were lying on the floor. He also saw, through the gap under the curtain, that appellant was facing the rear of the dressing room, alternatively shifting back and forth between each corner with his toes curled. Becoming suspicious, Rinkoff walked up to the room and looked through

a three or four inch gap in the curtain. Rinkoff saw appellant standing in the rear corner looking through a grommet hole into the next room where a woman was trying on a bathing suit. Appellant's underwear was pulled down on one side and appellant was masturbating as he watched the woman. The manager entered the dressing room, hit appellant, knocked him to the ground, and kept him in the store until the police arrived.

■ In his sole point of error, appellant argues that the evidence was insufficient to sustain his conviction for indecent exposure. Specifically, in two sub-points, appellant contends the evidence was not sufficient to prove that he exposed himself to the manager or to prove recklessness on his part. In reviewing a sufficiency of the evidence point, the test is whether, viewing the evidence in a light most favorable to the verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989). We will address each sub-point separately.

The information in this case alleged:

GARY WAYNE MCGEE, hereafter styled Defendant, heretofore on or about June 8, 1989, did then and there unlawfully with intent to arouse and gratify the sexual desire of the Defendant, *expose his genitals to ERIC RINKOFF,* and was reckless about whether another was present who would be offended and alarmed by said act, in that he was masturbating and ERIC RINKOFF was present and offended and alarmed by the Defendant's act of exposure. (emphasis added.)

Appellant argues that there is no evidence that he exposed himself "to" Mr. Rinkoff and, thus, the conviction must be reversed because the State pled an unnecessary matter that was descriptive of a legally essential element of the crime charged and failed to prove the matter. *See Polk v. State*, 749 S.W.2d 813, 816 (Tex.Crim.App.1988). We disagree.

The Penal Code provides:

A person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act.

TEX.PENAL CODE ANN. § 21.08(a) (Vernon 1989). The person "to whom the exposure is directed is *not* an essential element of the offense of indecent exposure." *Wallace v. State*, 550 S.W.2d 89, 91 (Tex.Crim. App.1977) (emphasis added). The court of criminal appeals has indicated that it is the better practice to plead, where applicable, that an accused has exposed himself to a specified person or persons. However, failure to allege this does not render an indictment or an information fundamentally defective. *Id.*

Because the person to whom the exposure is directed is not an essential element of the offense of indecent exposure, the conviction would stand even without proof that appellant exposed himself to Mr. Rinkoff. Appellant, however, argues that there is a difference between alleging a person exposed his genitals "to" another person and merely alleging that a person exposed his genitals. This is a meritless exercise in semantics. There is no statutory definition of the word "expose"; therefore, it should be given its ordinary meaning. *Miller v. State*, 156 Tex.Crim. 389, 243 S.W.2d 175, 176 (App.1951). In common parlance, "expose" is defined as to lay open to view. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 802 (1966).

There was evidence that there was a three or four inch gap in the dressing room's curtain through which Mr. Rinkoff saw appellant masturbating. The State was not required to prove that appellant intended for Mr. Rinkoff to see his genitals, merely that appellant's genitals were open to view. There is sufficient evidence for a rational trier of fact to find that appellant's genitals were exposed to view and that they were seen by Mr. Rinkoff.

■ Appellant also contends that the evidence was insufficient to prove that he was reckless about whether there was another

person present who would be offended or alarmed by his act. Appellant expends considerable effort discussing conflicts in the testimony concerning whether the curtain to the dressing room was closed or partially open. If it was closed, then appellant argues he could not have been reckless because no one could see him. However, Mr. Rinkoff testified that he could see through a gap in the curtain. The jury, as the trier of fact, is free to accept one version of the facts, reject another, or reject any and all of a witness' testimony. *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App.1981).

The Penal Code defines reckless as follows:

> A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX.PENAL CODE ANN. § 6.03(c) (Vernon 1974). Appellant asserts that his actions did not constitute a gross deviation of the standard of care of an ordinary person under the circumstances because he attempted to totally close the curtain and other witnesses testified that it was difficult to close the curtains to the dressing rooms.

Appellant's argument misconstrues the offense. The State was not required to show that appellant recklessly used a dressing room. Rather, it was required to prove that appellant's *conduct* in the dressing room was reckless. Appellant, understandably, has offered no suggestion as to the appropriate standard of care required of an ordinary person masturbating in the dressing room of a store open to the general public. Indeed, the issue as stated is oxymoronic in nature. Under the circumstances as viewed from appellant's stand-

point, it appears that there was a substantial risk that someone could have witnessed his actions. We hold that the evidence was sufficient to sustain the finding that appellant was reckless because another person was present who was offended or alarmed by appellant's act of masturbation.

We overrule appellant's sole point of error and affirm the judgment of the trial court.