Theodore Akonmwan **ASEMOTA**,
Appellant,

v.

**The STATE of Texas, Appellee.**

No. 14–97–01189–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 17, 1999.

Mary Casey Newton, Houston, for appellant.

William J. Delmore, III, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, FOWLER, and WITTIG.

## OPINION

DON WITTIG, Justice.

Appellant, Theodore Akonmwan Asemota, pled not guilty to the misdemeanor offense of indecent exposure. *See* Tex. Pen.Code Ann. § 21.08 (Vernon 1994). The jury convicted appellant, and the trial court assessed punishment at one hundred sixty days in the Harris County Jail. Appellant challenges the legal and factual sufficiency of the evidence to support his conviction. We affirm the judgment of the trial court.

One evening around 9:00 p.m., complainant saw appellant standing on his balcony. Appellant was completely naked and masturbating. When she realized what she was witnessing, she screamed and walked back to her apartment. Her scream also caused appellant to go into his apartment.

### Analysis

In his first issue, appellant asserts the evidence was legally insufficient to support

his conviction. When reviewing the legal sufficiency of the evidence, we look at the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mason v. State,* 905 S.W.2d 570, 574 (Tex.Crim.App.1995). The trier of fact is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *See Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the fact finder. *Id.* This standard of review is the same for both direct and circumstantial evidence cases. *See Chambers v. State,* 711 S.W.2d 240, 245 (Tex.Crim. App.1986).

■ Specifically, he contends there was no evidence that he exposed his genitals to complainant with the intent to satisfy his own sexual desire. The statute, however, does not require appellant *to intend that his exposure to the other party result* in his sexual gratification. *See* TEX. PENAL CODE ANN. § 21.08.

A person commits the offense of indecent exposure if "he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act." TEX. PENAL CODE ANN. § 21.08. Indecent exposure, therefore, merely requires appellant actually expose[1] himself while intending to arouse or gratify his or another's sexual desire and be reckless about whether another is present. *See Young v. State,* 976 S.W.2d 771, 773–74 (Tex.App.—Houston [1 st Dist.] 1998, pet ref'd); *Hefner v. State,* 934 S.W.2d 855, 857 (Tex.App.—Houston [1 st Dist. ] 1996, pet. ref'd); *McGee v. State,* 804 S.W.2d 546, 547 (Tex.App.— Houston [14 th Dist.] 1991, no pet.). A

person acts recklessly "with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX. PEN.CODE ANN. § 6.03(c) (Vernon 1994).

In *McGee,* the defendant masturbated in a dressing room. *McGee,* 804 S.W.2d at 546. The court recognized the State was not required to prove the defendant intended the manager of the store to see his genitals, merely that the defendant's genitals were open to view while intending to satisfy his sexual desire. *Id.* at 547.

■ The evidence produced at trial reveals appellant, without shirt, shorts or shoes, exposed his genitals by masturbating on his balcony. Because of appellant's choice of location, complainant was subjected to this activity. Reviewing this evidence in the light most favorable to the verdict, we find that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Accordingly, we overrule appellant's legal sufficiency challenge.

In appellant's final issue, he asserts the evidence was factually insufficient to support his conviction because the State failed to prove he exposed his genitals to complainant with the intent to gratify his own sexual desire.

When reviewing the factual sufficiency of the evidence, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so "contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). Although we are authorized to disagree with the verdict, a factual sufficiency review must be appropriately deferential

---

1. In *McGee,* the court recognized the word "expose" means to lay open to view. *McGee*

*v. State,* 804 S.W.2d 546, 547 (Tex.App.— Houston [14 th Dist.] 1991, no pet.).

so as to avoid substituting our judgment for that of the trier of fact. *Id.* at 133.

As we outlined, appellant has misinterpreted the statute because the statute does not require the State prove appellant intended his *exposure* to complainant to satisfy or gratify his own sexual desire. Appellant can demonstrate no contradictory evidence to establish that the jury's verdict is clearly wrong and unjust. Therefore, we find the evidence factually sufficient to support appellant's conviction and overrule his final contention.

We affirm the judgment of the trial court.