11th Court of Appeals
Eastland, Texas
Opinion
 
Terry Green
            Appellant
Vs.                  No. 11-04-00094-CR -- Appeal from Ector County
State of Texas
            Appellee
 
            The jury convicted Terry Green of indecent exposure and assessed his punishment at con-finement for 180 days and a $2,000 fine. We affirm.
            TEX. PENAL CODE ANN. § 21.08(a) (Vernon 2003) defines the offense, providing that:
            A person commits an offense if he exposes his anus or any part of his genitals
with intent to arouse or gratify the sexual desire of any person, and he is reckless
about whether another is present who will be offended or alarmed by his act.
 
Section 21.08(a) does not require that genitalia or the anus be seen, only that the body parts be
exposed. See Wallace v. State, 550 S.W.2d 89 (Tex.Cr.App.1977); Metts v. State, 22 S.W.3d 544
(Tex.App. - Fort Worth 2000, no pet’n); McGee v. State, 804 S.W.2d 546 (Tex.App. - Houston
[14th Dist.] 1991, no pet’n). 
            In his sole issue on appeal, appellant challenges the legal sufficiency of the evidence to
support his conviction. While he concedes that the evidence can be sufficient even if the
complainant never sees any part of a defendant’s genitalia or anus, appellant argues that, in his case,
there was no evidence that an exposure occurred. Specifically, appellant contends that the evidence
is legally insufficient because neither of the witnesses could describe what type of pants or shorts
he was wearing and because neither witness testified that she could see inside of his truck. We
disagree.
            In order to determine if the evidence is legally sufficient, we must review all of the evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). 
            Audra Tavarez, the complaining witness, testified that she had gone to a laundromat on the
Golder and Kermit highway with her friend Carmen Carreon on a Sunday in July. While Tavarez
was loading a washer, appellant drove up to the front of the laundromat in a turquoise green pickup.
Appellant double parked in front of the laundromat’s doors. Tavarez remembered the pickup
because the name “Alicia” was on the passenger door. Appellant was the only person in the pickup. 
Appellant began to unbutton his shirt. Appellant “rose up” above the dashboard, opened his shirt
more, pulled down his “pants,” and started masturbating. Tavarez testified that she had her glasses
on and could see very clearly what appellant was doing. Appellant had “his hand on his penis and
he was moving it up and down.” His body was elevated; he was raised above the dashboard; he was
leaning back; and he had pulled down his “pants.” Tavarez stated that she could see him “bouncing
up and down in his seat.” Tavarez stated that she was “very shocked” and had “never experienced
anything like that” in her life. She grabbed her cell phone, ran to the back of the laundromat, and
called the police. Appellant did not stop until the police pulled up behind his pickup. Tavarez
testified that, when he noticed the police car in his rear-view mirror, appellant “raised up to pull his
pants up and close his shirt” while the police officer “walked right up to him.” Tavarez stated that
she “didn’t see his penis but [she] saw his hand on his penis.” She further stated that she did not pay
attention to whether appellant was wearing jeans, slacks, or shorts. However, she did remember his
shirt.
            Carmen Carreon testified that she and Tavarez were at the laundromat for about two hours. 
She noticed appellant when Tavarez said: “Look, he’s doing something.” Appellant was in front
of the laundromat window by himself in a pickup. Carreon described appellant as “old,” “bald,”
wearing glasses, and looking “rough.” Carreon testified that she looked at him and that, when she
saw what he was doing, she looked away. Carreon further testified that appellant was bouncing up
and down. She could see him moving his hand up and down, but she did not see “his penis or
anything.” It was obvious to Carreon what appellant was doing, and she went to the back. Carreon
stated that she had never seen “that” before.
            Carreon testified that she was 21 years old and that she had two daughters, ages 2 and 3.
Tavarez testified that she had 3 children, ages 12, 9, and 5, and that she worked as a sales
representative for Cellular One. As a result of this incident, Tavarez stated that she now had a
washer and dryer, that she no longer went to laundromats, and that she was considering moving.
             When viewed in the light most favorable to the verdict, the evidence is legally sufficient to
support the conviction. Tavarez testified that appellant raised the lower part of his body above the
dashboard, pulled down the clothing covering the lower part of his body, and masturbated while
looking at her. A reasonable fact finder could have concluded from this testimony that appellant
exposed his genitalia while engaging in the activity Tavarez described. The sole issue is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
December 2, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.