**Affirmed and Opinion filed August 28, 2018.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-17-00489-CR

### STEVEN DOUGLAS MCCOSLIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Cause No. 15-CCR-183403A**

## O P I N I O N

A jury convicted appellant Steven Douglas McCoslin of the offense of indecent exposure. On appeal, appellant seeks to set aside his conviction on the grounds that the trial court should have granted either his motion to quash the charging instrument for insufficient notice or his motion to suppress evidence relating to appellant's identity. Concluding that appellant has waived any error regarding both motions, we affirm.

## Background

The Fort Bend County District Attorney charged appellant by information with the offense of indecent exposure. The State alleged that appellant, with intent to arouse or gratify his sexual desire, exposed his genitals and masturbated; and that appellant was reckless about whether another was present who would be offended or alarmed by his act, in that he left his hotel room door ajar and requested the complainant enter the room. Appellant pleaded not guilty.

On the day of trial, appellant moved to quash the information, arguing that the information did not provide sufficient notice as to the specific acts of recklessness, which is an element of the charged offense. Appellant also moved to suppress evidence of his identity, arguing that the police unlawfully obtained evidence of his identity without a warrant. After a hearing, the trial court denied both motions.

At trial, the State presented evidence of the following facts:

Appellant was a guest at a hotel in Stafford, Texas. He stopped by the front desk, where the complainant was working as the night shift clerk. Appellant asked the complainant to bring food to appellant's room. After heating the food, the complainant brought the food to appellant's room, where the door was left slightly ajar. The complainant knocked on appellant's door, and appellant responded that the complainant could enter the room. The complainant entered the room. Appellant initially was lying in bed with the comforter covering his body. After the complainant placed the food on appellant's nightstand, appellant removed the comforter. The complainant saw that appellant's genitals were exposed and appellant was masturbating.

The jury found appellant guilty of indecent exposure as alleged in the information. The trial court assessed punishment of 180 days' confinement, which was probated for fifteen months, and imposed a $1,000 fine.

Appellant appeals his conviction.

## Analysis

Appellant challenges his conviction on the grounds that his motion to quash or motion to suppress should have been granted. We address each motion in turn.

### A. Motion to Quash

In two interrelated issues, appellant argues that the trial court erroneously denied his motion to quash the information based on the insufficiency of the allegations therein.[1] According to appellant, there are two charging instruments regarding the offense: an original information and an amended, second information. In his first issue, appellant argues that the State did not obtain leave to amend the "original information," as required by article 28.10 of the Code of Criminal Procedure, so the "second information" is void and we must constrain our review of his appellate complaints to the original information. In his second issue, appellant claims that, regardless which information we consider, neither information provided sufficient notice of the nature of the charge against him.[2]

---

[1] "A motion to quash challenges whether the charging instrument alleges '*on its face* the facts necessary to show that the offense was committed, to bar a subsequent prosecution for the same offense, and to give the defendant notice of precisely what he is charged with.'" *Laurent v. State*, 454 S.W.3d 650, 653 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (quoting *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988)).

[2] Only one information is included in our record, and it is the information filed in cause number 15-CCR-183403A, which is the instant case. The information's arrest date states "REFILE," which, in the trial court, appellant construed to mean that the State refiled the information after dismissing charges in cause number 15-CCR-183403. Based on our disposition, however, we need not decide whether the State properly or improperly amended or refiled the charging instrument.

The State responds that appellant waived any complaint about the charging instrument's sufficiency by not timely asserting it in the trial court. The Code of Criminal Procedure requires a defendant to object to a defect, error, or irregularity of form or substance in an information "before the date on which the trial on the merits commences." Tex. Code Crim. Proc. art. 1.14(b). If a defendant fails to timely object, he "waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal." *Id.*

The Court of Criminal Appeals has not expressly determined the meaning of the phrase "the date on which the trial on the merits commences." *See Sanchez v. State*, 138 S.W.3d 324, 329 & n.6 (Tex. Crim. App. 2004) (discussing article 45.019(f), which is similarly worded to article 1.14(b)). Some courts of appeals have addressed the question and held that trial on the merits commences under article 1.14(b) when a jury is impaneled and sworn. *See, e.g.*, *Parker v. State*, No. 09-16-00061-CR, 2017 WL 1424946, at *3 (Tex. App.—Beaumont Apr. 19, 2017, no pet.) (mem. op., not designated for publication) (holding that motion to quash filed on same day that jury was impaneled and sworn was untimely); *White v. State*, No. 12-07-00025-CR, 2007 WL 2447235, at *1 (Tex. App.—Tyler Aug. 30, 2007, no pet.) (mem. op., not designated for publication).

The holdings in *Parker* and *White* are consistent with those of other appellate courts standing for the proposition, in other contexts, that "trial on the merits" begins when the jury is impaneled and sworn. *See Garner v. State*, 523 S.W.3d 266, 276 (Tex. App.—Dallas 2017, no pet.) (for purposes of article 54.306(b), trial begins when the jury is impaneled and sworn; interpreting *Sanchez v. State* as standing for the proposition that trial on the merits commences when jury impaneled and sworn); *Hinojosa v. State*, 875 S.W.2d 339, 342 (Tex. App.—Corpus Christi 1994, no pet.) ("We hold that[, for purposes of article 28.10,] trial on the merits commences at the

4

time that the jury is impaneled and sworn, *i.e.*, at the same time that jeopardy attaches."); *Westfall v. State*, 970 S.W.2d 590, 592 (Tex. App.—Waco 1998, pet. ref'd) (same); *Carpenter v. State*, 952 S.W.2d 1, 6 (Tex. App.—San Antonio 1997) (same), *aff'd*, 979 S.W.2d 633 (Tex. Crim. App. 1998); *Dixon v. State*, 932 S.W.2d 567, 569-70 (Tex. App.—Tyler 1995, no pet.) (same).

Under the United States Constitution, double jeopardy attaches when the jury is impaneled and sworn. *See, e.g.*, *Crist v. Bretz*, 437 U.S. 28, 38 (1978); *State v. Moreno*, 294 S.W.3d 594, 597 (Tex. Crim. App. 2009).

Consistent with the constitutional principle that jeopardy attaches when the jury is impaneled and sworn, and consistent with the opinions of numerous appellate courts cited above, we hold that for purposes of article 1.14(b), the date on which the trial on the merits commences is the date the jury is impaneled and sworn.

Applying this holding, the date on which the trial on the merits in the instant case commenced was May 23, 2017 because the court impaneled and swore a jury that day. Because the date the trial commenced was May 23, 2017, appellant's motion to quash was required to be filed by May 22, 2017. Appellant filed the motion to quash on May 23, 2017. It was therefore untimely. Accordingly, appellant waived the right to complain on appeal that the charging instrument is insufficient.

Even if appellant had preserved his complaint, we would still conclude that the information was sufficient. The State charged appellant with indecent exposure. A person commits the offense of indecent exposure if he exposes any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another person is present who will be offended or alarmed by his act. Tex. Penal Code § 21.08(a). When, as here, recklessness is an element of an offense, the information must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness. Tex. Code Crim. Proc. art. 21.15. It is not

5

sufficient for the State merely to allege that the accused "acted recklessly." *Henery v. State*, No. 14-09-00996-CR, 2012 WL 5964394, at \*1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2012, no pet.) (mem. op., not designated for publication). It is also not sufficient, in cases of indecent exposure, for the State to allege that the accused "exposed his penis and masturbated," because "there is nothing inherently reckless about either exposing oneself or masturbating." *Smith v. State*, 309 S.W.3d 10, 16 (Tex. Crim. App. 2010). Rather, the State allege something about the setting or circumstances under which the accused exposed himself to indicate why his otherwise lawful act was reckless regarding whether another is present who would be offended or alarmed. *See id.* at 15-16; *see also State v. Rodriguez*, 339 S.W.3d 680, 683 (Tex. Crim. App. 2011).

Appellant argues that the State did not allege any circumstance that would indicate that appellant was aware of the risk that another person was present who would be offended by his act of exposing himself. We disagree.

The information alleged that appellant was reckless about whether another was present who would be offended or alarmed by appellant's act of exposing his genitals and masturbating, "in that [appellant] left his hotel room door ajar and requested that [complainant] enter." By requesting that the complainant enter the hotel room where appellant exposed his genitals and masturbated, appellant was reckless as to the presence of another person who would be offended or alarmed by appellant's act. *See, e.g.*, *Graves v. State*, No. 01-13-00041-CR, 2014 WL 4113012, at \*3 (Tex. App.—Houston [1st Dist.] Aug. 21, 2014, no pet.) (mem. op., not designated for publication) (allegation that inmate exposed his penis "while facing the station from which jail personnel monitor jail inmates" sufficiently described circumstances indicating that appellant was aware of risk that another person was present who would be offended by his act of exposing himself).

For the foregoing reasons, we overrule appellant's first two issues.

## B.      Motion to Suppress

In his third issue, appellant contends that the trial court erred in denying his motion to suppress the hotel receipt the police obtained from the complainant establishing appellant's identity.  According to appellant, the complainant gave the police a receipt for appellant's hotel room, which showed appellant's name.[3] Appellant asserts that he has a constitutionally protected expectation of privacy in the personal information he provided to the hotel, and that this privacy interest was violated when the police obtained the information without a warrant or appellant's consent.  According to appellant, the trial court therefore should have suppressed the evidence of identity.  Appellant argues that without the hotel receipt, the police would not have been able to identify appellant as the suspect in the alleged offense, and the trial court would have been required to dismiss the charge.

The State responds that appellant waived the issue or, alternatively, that appellant's argument is meritless.  The State contends that appellant waived his complaint in two, independent respects: (1) the facts underlying appellant's motion to suppress differed from the evidence adduced at trial, thus necessitating a trial objection that appellant failed to make; or, alternatively, (2) appellant waived his complaint because appellant—not the prosecutor—introduced the challenged evidence at trial.  After reviewing the record and analogous case law, we agree with

---

[3] In his written motion to suppress, appellant identified, but did not attach, a hotel receipt as the evidence he sought to suppress.  At the pretrial hearing on the motion to suppress, the parties argued whether the State needed a warrant before asking the clerk to search the hotel computer records for appellant's driver's license information.  In his appellate brief, appellant challenges admission of his "identity information" generally and does not cite to any specific evidence that should have been suppressed.  For clarity's sake, we refer to the evidence identifying appellant as the "hotel receipt."

the State's second contention. Because we find the waiver issue dispositive, we do not reach the merits of appellant's argument.

Generally, a sufficiently specific motion to suppress will preserve error in the admission of evidence if the motion is overruled by the court following a pretrial hearing, and a defendant need not later object at trial to the same evidence. *See Thomas v. State*, No. 14-16-00355-CR, 2017 WL 4679279, at \*2 (Tex. App.— Houston [14th Dist.] Oct. 17, 2017, pet. ref'd) (mem. op., not designated for publication). Consistent with this principle, during the hearing on appellant's motion to suppress, appellant's counsel and the trial court agreed that appellant would not waive his complaint by not re-urging the motion to suppress if the State offered the receipt into evidence at trial.

During trial, appellant offered the receipt into evidence, which was admitted without objection by the State. We conclude that appellant's affirmative introduction of the identity evidence at issue constituted a waiver of the arguments previously asserted in his motion to suppress. An evidentiary objection otherwise preserved by an adverse ruling on a motion to suppress may be later waived in certain circumstances. For example, if the State offers the subject evidence and the defendant affirmatively voices "no objection," then the defendant will have waived any error in admission of the evidence. *See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) ("The affirmative acceptance of this previously challenged evidence waived any error in its admission."); *see also Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986) (holding that defendant preserves objection to introduction of evidence in pretrial motion to suppress but waives that error when he affirmatively states "no objection" to introduction of same evidence at trial). It is only when the record as a whole plainly demonstrates that the defendant did not intend, nor did the trial court construe, a statement of "no objection" to constitute

abandonment of a claim of error that the reviewing court may not find waiver. *See Thomas v. State*, 408 S.W.3d 877, 885 (Tex. Crim. App. 2013).

The trial court's ruling on the motion to suppress may have obviated appellant's need to renew his objection if the State introduced the evidence at trial. *See id.* at 881. Consistent with the above cases, appellant would have waived error had the State offered the receipt and appellant stated "no objection." Affirmatively introducing the receipt himself is certainly no less a waiver, and we see nothing in the record indicating that the court and the parties agreed that appellant could introduce the challenged evidence without waiving his earlier-preserved complaint. Appellant's affirmative introduction of evidence that he previously sought to exclude "serve[s] as an unequivocal indication that a waiver was both intended and understood." *Id.* at 886.

We conclude that appellant waived any error in the trial court's failure to suppress the evidence of appellant's identity.

We overrule appellant's third issue.

## Conclusion

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/ Kevin Jewell
   Justice

Panel consists of Justices Jamison, Wise, and Jewell.
Publish — Tex. R. App. P. 47.2(b).