

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1289-19

**RICARDO ROMANO, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**KELLER, P.J., delivered the opinion for a unanimous Court.**

In the middle of a clear day during the summer of 2017, Appellant exposed his genitals in broad daylight in a public parking lot in a public park in Houston. The question for us is whether the evidence is sufficient to show that he was reckless as to the presence of another. We conclude that the evidence is sufficient. In coming to a contrary conclusion, the court of appeals failed to properly defer to the trial court's verdict. Consequently, we reverse the judgment of the court of appeals and remand the case to it for further proceedings.

# I. BACKGROUND

## A. Trial Testimony

In the middle of a weekday in August of 2017, Sergeant Ryan Gardiner of the Houston Police Department was patrolling Memorial Park on horseback. While on the lookout for suspicious activity, he positioned himself near bushes and trees where he was mainly concealed. From this location, Gardiner had a good vantage point and line of sight towards an empty parking lot in an area of the park called the Picnic Loop.

According to Gardiner, Appellant parked his vehicle in the empty parking lot, exited, and walked around to the passenger side, where he opened the door. He then walked to the back of the vehicle, where he pulled the top of his shorts down with one hand and began masturbating with the other hand. Gardiner radioed his partner, who was in a nearby location of the park, and told him that Appellant was masturbating. By "masturbating," Gardiner explained he saw Appellant "stroking his penis with his hand." Gardiner's partner rode out of the bushes, which were about fifteen to twenty feet from Appellant.

Gardiner rode his horse over to Appellant's location and arrested him for indecent exposure. Appellant denied masturbating, saying that he was "trying to use the bathroom" because he had drunk a lot of water from a large jug inside the vehicle. Gardiner did not see urine on the ground and there was a public restroom directly across the street from Appellant's location. When asked why he did not use the public restroom, Appellant said he did not like those restrooms.

Gardiner testified that he was sure that Appellant was masturbating. As far as Gardiner knew, he was the only person who saw Appellant touch his penis, but he said that there was a risk that other pedestrians or motorists in the park could have seen Appellant, and that Appellant

disregarded that risk.

Appellant testified that he parked his car in an empty lot in order to review some business papers before proceeding downtown. After parking, he got out of the car in order to urinate. As soon as he pulled out his penis, he heard branches move. He said: "I didn't see a horse. I just saw branches moving. . . . [T]hen I thought it was someone. So, I was embarrassed someone was watching me." When asked by counsel if he thought he was being reckless, Appellant responded: "No, there was nobody there. I suspected someone was behind the bushes; but there was nobody in the parking lots in front of me, next to me, all around me."[1] He said he did not actually urinate because Gardiner emerged on horseback before he could. Appellant said that he did not expect to see anyone because he believed there was no one else in that area of the park, and he did not believe it was reckless to urinate there.

### B. Gardiner's Body Camera

Sergeant Gardiner was equipped with a body camera which captured video evidence of the incident.[2] The video was admitted at trial. The video shows Gardiner positioning his horse behind trees and bushes with a direct view of the empty parking lot, facing picnic tables and a biking trail. Appellant drives his car into the parking lot and parks. The car is partially concealed from the body camera by tree branches and leaves. As Appellant enters the parking lot, and while he parks his car, Gardiner's horse eats leaves and rustles the branches of the trees. Less than ten seconds after

---

[1] It is unclear from the record whether Appellant saw the branches moving, and became suspicious of someone watching, before he exposed his genitals or while he was exposing his genitals. Regardless, Appellant testified at some point while he was exposed he suspected someone was watching him.

[2] The actions seen and described by Sergeant Gardiner were not all captured by the body camera because foliage behind which he concealed himself obscured some of the view.

Appellant parks his car, another car drives past the parking lot.

Approximately forty-five seconds after Appellant parks his car, Gardiner radios his partner and says: "[C]ome this way, he's jacking off." During the time between Appellant parking his car and Gardiner radioing his partner, the horse is rustling the trees and bushes while eating. Sergeant Gardiner guides his horse to Appellant's location and begins an arrest for indecent exposure.

The video continues for an additional thirty-eight minutes during which Gardiner and his partner gather Appellant's personal information and wait for a patrol unit to arrive to transport Appellant to jail. The video shows a number of cars driving past Appellant's location, pedestrians walking by, and a bicyclist passing on the trail. During the thirty-eight minute encounter, Appellant never indicates that he needs to use the restroom.

## C. Sentencing

At the conclusion of a bench trial, the court found Appellant guilty of indecent exposure and assessed punishment at three days in jail and a $1,000 fine. Appellant was ordered to register as a sex offender for ten years.

## D. Court of Appeals

In one of Appellant's issues on appeal, he claimed the evidence was insufficient to support his conviction. He did not dispute that he exposed his genitals, but he argued the evidence was insufficient to show that he: (1) exposed his genitals with intent to arouse or gratify the sexual desire of any person and (2) acted recklessly. The court of appeals did not address the first part of the argument because it found in Appellant's favor on the second. It reviewed the evidence and found that "[Appellant] made deliberate efforts to shield himself from the view of others" and that

Appellant "was unaware that Gardiner was hiding a good distance away in the trees and bushes."[3]

Based on what the court considered to be this "undisputed, objective evidence," the court concluded that a rational trier of fact could not have found beyond a reasonable doubt that Appellant was reckless about whether another was present who would be offended or alarmed by the exposure of his genitals.[4]

In reaching its decision, the court of appeals cited a litany of indecent exposure cases that address the sufficiency of the evidence on the recklessness element—each focusing on the defendant's knowledge or awareness of another person's presence.[5] In each of these cases, the reviewing court found the evidence of recklessness sufficient.[6] The court of appeals found these

---

[3] *Romano v. State*, No. 01-18-00538-CR, 2019 WL 4936040, *6 (Tex. App.—Houston [1st Dist.] October 8, 2019) (not designated for publication).

[4] *Id*.

[5] *Id*. at *5.

[6] *See McNeal v. State*, No. 06-15-00010-CR, 2015 WL 514228, *3 (Tex. App.—Texarkana Sept. 2, 2015, no pet.) (mem. op., not designated for publication) (holding evidence sufficient on recklessness where defendant was masturbating in public park in presence of other people and complainant, who was jogging nearby in plain sight); *Jenson v. State*, No. 14-07-00093-CR, 2008 WL 3833806, *6–7 (Tex. App.—Houston [14th Dist.] Aug. 19, 2008, pet ref'd) (not designated for publication) (holding that defendant's intentional exposure of his genitals to undercover officer in secluded wooded area near public restroom in Memorial Park, just moments after two males had walked by, was sufficient evidence of recklessness); *Young v. State*, 976 S.W.2d 771, 774 (Tex. App.—Houston [1st Dist.] 1998, pet ref'd) (holding evidence of recklessness was sufficient where defendant exposed his penis to police officer behind public rest area, testimony indicated that trails in park area behind rest area were trampled, and defendant admitted another man walked behind rest area while defendant was "back there" and he spoke with the man); *Hefner v. State*, 934 S.W.2d 855, 856–58 (Tex. App.—Houston [1st Dist.] 1996, pet ref'd) (holding evidence on recklessness was sufficient where defendant placed his penis in hole in wall at adult theater booth, knowing that someone was in adjoining booth, because a rational factfinder "could have concluded that appellant was reckless because, as far as he knew, the other person was present simply to watch a movie"); *see also Smith v. State*, 309 S.W.3d 10, 12 (Tex. Crim. App. 2010) (addressing sufficiency of information's recklessness allegation in case where undercover officer was conducting a sting

cases distinguishable from Appellant's case because it was "undisputed that [Appellant] parked his car in an empty parking lot in a remote part of Memorial Park and that there were no other persons visible or present, except for Gardiner, who was intentionally concealing himself from Romano's view."[7]

The court compares Appellant's case to *Hines*, where we affirmed the appellate court's reversal of a public lewdness conviction because the State did not prove that Hines was reckless about the presence of another.[8] The court relied on language from our opinion that Hines "had deliberately selected an isolated spot, deep in the woods, where his conduct would not be observed by others."[9] The court of appeals concluded that Appellant's deliberate efforts to conceal himself, "his unawareness of the hidden Gardiner, and the absence of any other person" supports the logical inference that Appellant "was not disregarding a substantial risk that someone might see him expose himself."[10]

Without addressing Appellant's other issues, the court of appeals found that the evidence of Appellant's recklessness was insufficient, reversed Appellant's conviction, and rendered a judgment of acquittal.

---

operation in Memorial Park, and defendant exposed his penis and began masturbating in front of the officer after he looked around to make sure they were alone); *McCoslin v. State*, 558 S.W.3d 816, 821 (Tex. App.—Houston [14th Dist.] 2018, pet ref'd) ("By requesting that the complainant [hotel clerk] enter the hotel room where appellant exposed his genitals and masturbated, appellant was reckless as to the presence of another person who would be offended or alarmed by appellant's act.").

[7] *Romano*, 2019 WL 4936040 at *6.

[8] *Hines v. State*, 906 S.W.2d 518, 522 (Tex. Crim. App. 1995).

[9] *Id*. (internal quotations omitted).

[10] *Romano*, 2019 WL 4936040 at *6.

## II. ANALYSIS

### A. The Instant Issue

The State criticizes the court of appeals for misapplying the standard for reviewing the sufficiency of the evidence, arguing that the court took on the role of fact-finder instead of viewing the evidence in the light most favorable to the trial court's verdict.[11]  We agree with the State's reading of the court of appeals's opinion.

#### 1. Sufficiency of the Evidence

In reviewing a sufficiency claim, the appellate court looks at the evidence in the light most favorable to the verdict.[12]  This standard applies whether the case was proven by direct or circumstantial evidence.[13]  An appellate court must defer to the fact-finder's findings and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[14]  The fact-finder is responsible for judging the credibility of witnesses and may find credible all, some, or none of the testimony that the witnesses give.[15]

#### 2. Indecent Exposure

A person commits the offense of indecent exposure "if he exposes . . . any part of his genitals with intent to arouse or gratify the desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act."[16]  A person acts "recklessly" when he is (1)

---

[11]  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

[12]  *Id.*

[13]  *Laster v. State*, 275 S.W.3d 512, 520–21 (Tex. Crim. App. 2009).

[14]  *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

[15]  *State v. Ross*, 32 S.W.3d 853, 857 (Tex. Crim. App. 2000).

[16]  TEX. PENAL CODE § 21.08(a).

subjectively aware of a substantial and unjustifiable risk that specific circumstances existed and (2) consciously disregards that risk.[17] The risk must be "of such a nature and degree that it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."[18] By its nature, a culpable mental state must generally be inferred from the circumstances.[19] We cannot read an accused's mind, and absent a confession, we must infer his mental state from his acts, words and conduct.[20] Reviewing the sufficiency of the evidence of recklessness, the question before us, and that was before the court of appeals, is whether, after viewing all the evidence in the light most favorable to the verdict, any rational finder of fact would have found beyond a reasonable doubt that Appellant acted recklessly.[21]

### B. Did the Court of Appeals Err by Holding the Evidence of Recklessness Was Insufficient

Appellant was in a public park in densely-populated Houston in a parking lot that was open and visible to passing road traffic, bicyclists and pedestrians, and anyone using the public restroom facilities or picnic tables immediately nearby. Exposure of genitalia in a place as public as Memorial Park is risky when it is done under circumstances (like time and weather) that make it likely that other people will be present.

The court of appeals erred by comparing Appellant's case with *Hines*. The issue in *Hines*

---

[17] TEX. PENAL CODE § 6.03(c); *see Williams v. State*, 235 S.W.3d 742, 753–54 (Tex. Crim. App. 2007).

[18] TEX. PENAL CODE § 6.03(c).

[19] *Nisbett v. State*, 552 S.W.3d 244, 267 (Tex. Crim. App. 2018).

[20] *Id*.

[21] *See Jackson*, 443 U.S. at 319.

was whether the victim of a sexual act in a public lewdness case can be the "other person present" who might be offended or alarmed by the defendant's actions. Hines drove a thirteen-year-old deep into the woods to commit a sexual act against the child while in the car. The State argued that the act was public because the child could be the "other person present" who might be offended. We held that a complainant cannot be the "other person present" and held the evidence of recklessness insufficient. It appears that the State put forward its argument that the complainant could be the "other person present" for the very reason that it could not otherwise show recklessness. But there is a big difference between outside a car in a parking lot in a public park in Harris County and inside a car parked deep in the woods off of a small trail in Harrison County. Appellant's location was not so remote as to completely shield himself from the view of others.[22]

Instead, Appellant's case should be compared with *McGee v. State*.[23] The court of appeals in *McGee* held that the evidence sufficiently supported McGee's recklessness when he could be seen through a three-or-four-inch gap in a dressing-room curtain as he masturbated.[24] McGee argued that "his actions did not constitute a gross deviation of the standard of care of an ordinary person under the circumstances because he attempted to totally close the curtain."[25] The court of appeals found that the State was not required to show that McGee recklessly used the dressing room, but instead that his conduct in the dressing room was reckless.[26] The court of appeals said that McGee had,

---

[22] *See Hines*, 906 S.W.2d at 522.

[23] 804 S.W.2d 546, 547–48 (Tex. App.—Houston [14th Dist.] 1991, no pet.).

[24] *Id*.

[25] *Id*. at 548.

[26] *Id*.

understandably, offered no suggestion as to the appropriate standard of care required of an ordinary person masturbating in the dressing room of a store open to the general public. "Indeed," the court said, "the issue as stated is oxymoronic in nature."[27] The same could be said here. The idea that there would be an ordinary standard of care for masturbating in a public park in broad daylight is "oxymoronic in nature." Appellant's actions were reckless.

The court of appeals erred in finding the evidence of recklessness insufficient, and in doing so, the court failed to properly defer to the trial court's verdict. Rather than view the evidence in the light most favorable to the verdict, the court of appeals focused on Appellant's purported attempt to conceal himself by parking in an empty lot, his testimony that he faced away from passing traffic, and his testimony that no one was nearby. But Sergeant Gardiner testified that Appellant stood at the back of the car to masturbate, and the trial court did not have to believe that the area was remote. Appellant's location, the time of day, and the clear weather provide sufficient evidence for a rational finder of fact to infer recklessness.[28] And in fact, Gardiner's body camera video shows that a number of cars drove past Appellant's location, pedestrians walked by, and a cyclist passed on the trail during the arrest. Another car passed on the road behind Appellant's parked vehicle less than twenty seconds before Gardiner radioed his partner that he observed Appellant masturbating.

### III. Conclusion

Viewed in the light most favorable to the trial court's verdict, the evidence was sufficient to support a finding beyond a reasonable doubt that Appellant acted recklessly, and the court of appeals erred to find otherwise. We reverse and remand to the court of appeals for consideration of

---

[27] *Id.*

[28] *See Dillon*, 574 S.W.2d at 94–95.

Appellant's remaining issues.

Delivered: October 28, 2020

Publish